[No. 5243.]
[No. 2867, C. A.]

SIMONSON ET AL. v. McHENRY.

**Chattel Mortgages—Description—Sufficiency.**

A description in a chattel mortgage of the mortgaged property as "all bedding, dishes, cooking utensils, together with all things both useful and ornamental," stored in a barn at a street number given, where other similar articles were subsequently stored, is too general to give a third person notice of the property intended to be included.—P. 511.

*Appeal from the District Court of the City and County of Denver.*

*Hon. P. L. Palmer, Judge.*

Action by Allie J. Simonson, John E. Simonson and Florence Simonson, co-partners doing business under the firm name of The Fidelity Real Estate and Loan Company, against Edna McHenry. From a judgment for defendant, plaintiffs appeal.

                                        *Affirmed.*

Mr. CLAY B. WHITFORD and Mr. HENRY E. MAY, for appellants.

Mr. JOHN H. GABRIEL, for appellee.

This is an action to recover the possession of certain goods and chattels. The appellants, plaintiffs below, predicate their right to such possession under and by virtue of a chattel mortgage executed by Marie Merrill and Ira Merrill February 19, 1902, to secure two promissory notes, one for $33.42, dated

February 13, 1902, payable in thirty days, and one for $530, dated February 13, 1902, payable in six months. The property included in the chattel mortgage is described as follows:

"Four three-piece bedroom suites, two three-hole gasoline stoves, one cherry wardrobe, one kitchen range, one extension dining table, coil wire springs, one hair mattress, one large oil painting, one full set of Haviland china, all bedding, dishes, cooking utensils, together with all things, both useful and ornamental, now at the barn at 1321 Broadway, and to remain there until this mortgage is satisfied. Also twenty-five thousand shares in The Alaska Gold and Leasing Co. This stock certificate is No. 12 and is to be held at Simonson Bros.' office, at 621-622 Cooper building, as collateral security with the above chattels."

The evidence discloses the following facts: On September 13, 1901, Marie Merrill and Ira Merrill executed their note to the appellee for $525, payable in thirty days. To secure this note, they gave a chattel mortgage upon the following property, to wit:

"Four three-piece bedroom suites, two three-hole gasoline stoves, one full brass bed, one cherry wardrobe, one kitchen range, one extension dining table, coil wire springs, one hair mattress, one large oil painting, together with all things, both useful and ornamental, now at the barn at 1321 Broadway, and to remain there until this mortgage is satisfied. Also twenty-five thousand shares in The Alaska Gold and Leasing Co. This stock certificate is No. 12 and is to be held at Simonson Bros.' office, at 621-622 Cooper building, as collateral security with the above chattels."

This note was not paid at maturity, and on November 13, 1901, a new note was given for the same amount, payable on or before three months

after date.  A new chattel mortgage was given to secure this note upon the same property that was included in the first mortgage, except that one full brass bedstead, which was included in the first mortgage, was omitted from the latter.  On maturity this note was not paid.  On February 13, 1902, the notes and chattel mortgage under consideration were executed.  Between September 13, 1901, and February 13, 1902, other goods and chattels were purchased and placed in the barn at 1321 Broadway by the Merrills, who were engaged in the business of furnishing and selling rooming houses.  On February 21, 1902, all the goods then in the barn were removed, some to Tenth and Clark streets, and some to a warehouse on Arapahoe street.  Mrs. Merrill testifies that all the goods covered by the mortgage to the appellant were taken to such warehouse, and that she notified Simonson Brothers of that fact; that some of the goods located at 1321 Broadway were moved and left at 1251 Stout street; that these goods were bought of R. B. Spalding, Cal Ward, G. A. Hoover and Mrs. Martine, and that none of these goods so placed in the Stout street house were covered by the plaintiff's mortgage.  She further testifies that all the goods mortgaged to the appellants were kept by themselves in one room in the barn.

On June 27, 1902, the furniture in 1251 Stout street was sold to the defendant (the appellee), and possession taken of the same on July 2, 1902.

Mr. Hutchinson, who moved all the property from the barn at Broadway to Tenth and Clark and to the warehouse on Arapahoe street, at the time of the levy of the writ in this case, identified the goods levied on as having been hauled by him from the barn at Broadway.  The goods so identified and levied upon included, so far as can be determined, the goods

and chattels purchased by the Merrills subsequent to the giving of the first mortgage. This levy did not include the following property described in the chattel mortgage, to wit: Two three-hole gasoline stoves, one cherry wardrobe, one kitchen range, one extension dining table, and one large oil painting. There is included in the levy one three-piece cherry bedroom suite and one coil wire spring, several mattresses, none of them described as a hair mattress. Whether the bedroom suite and coil wire spring are those mentioned in the chattel mortgage, or are those purchased by the Merrills under the Spalding mortgage, it is impossible for us to determine from the evidence.

Mrs. McHenry purchased the furniture in 1251 Stout street, and paid $1,400 therefor, without actual notice of the appellants' chattel mortgage, and did not learn that any of the property she had purchased was claimed by virtue of such mortgage till after she had paid the consideration and taken possession of the house at 1251 Stout street.

Mr. JUSTICE GODDARD delivered the opinion of the court:

The principal and controlling question is whether the goods and chattels which the defendant purchased from Marie Merrill are the same goods and chattels which are covered by the chattel mortgage. The contention of the defendant is that the property levied upon was not covered by the chattel mortgage, the same having been purchased subsequent to the giving of the original mortgage, and that the last mortgage covered only such chattels as were included within the first, and whether they were so intended to be or not, that the description in the mortgage was insufficient to enable a third person to identify the property as being that described in the mortgage.

It is difficult to identify any of the property levied upon as the property described in the mortgage. As above stated, the levy did not include a large part, if any, of the property specifically described in the mortgage, and only such property as might be the property described therein as "all bedding, dishes, cooking utensils, together with all things, both useful and ornamental."

We think this description is too general to give to a third party notice of the property intended to be included within it. Aside from this, the testimony as to whether the property levied upon was the property intended to be included in the mortgage was conflicting, and the court below, having found that issue in favor of the appellee, we are unable, upon a careful consideration of all the evidence introduced, to say that its conclusion is wrong. We have carefully considered the errors based upon the admission and rejection of testimony, and we think the court committed no error in the rulings complained of. Our conclusion is that, in the light of all the facts disclosed by the record, the finding of the court below must be sustained, and its judgment affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.