No. 13,587.

INTERNATIONAL HARVESTER COMPANY *v.* McFERSON, BANK COMMISSIONER.

(37 P. [2d] 390)

Decided October 15, 1934.   Rehearing denied November 5, 1934.

Mr. FRANK L. GRANT, for plaintiff in error.

Messrs. GOSS & HUTCHINSON, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

We hereinafter refer to these parties as the harvester company and McFerson, respectively, and to the Great Western Sugar Company as the sugar company.

McFerson sued one Olander and obtained judgment for some $1,800. In aid of execution thereon the sugar company was garnisheed. It answered that it owed Olander, for sugar beets sold by him to it, over $2,600, which was claimed by the harvester company and others. The harvester company had intervened, claiming $285.11 under its chattel mortgage on said beets. All but about $500 of the money held by the sugar company was released on stipulation. The question presented to the court below was the relative rights of McFerson and the harvester company to $285.11 of the sum remaining in the hands of the sugar company. McFerson had judgment for said sum and the harvester company brings error and asks that the writ be made a supersedeas.

May 4, 1933, Olander executed to the harvester company a chattel mortgage as security for a note dated in 1930 for the sum of $820 which, at the date of the mortgage, had been reduced to $420. The note was then past due but in consideration of the security it was extended to November 15, 1933. The property described in the mortgage was: "My full undivided one-half interest in ten (10) acres of sugar beets now planted on the southwest one quarter sec. (14) twp. (2) Range (68), Weld County, Colo." At the date of the mortgage Olander had 41.67 acres of beets on the tract described. These were sold to the sugar company in bulk at a uniform price per ton, without segregation and with the consent of the harvester company.

■■ If the sole question here is, as counsel for the harvester company says, the validity of the mortgage, we must hold it invalid for uncertainty. It is impossible to determine what ten acres of beets of the entire tract were covered. 11 C. J., p. 470, §99; *Martinek v. Carlson, Sheriff*, 125 Kan. 434, 264 Pac. 735; *Simonson v. McHenry*, 41 Colo. 508, 92 Pac. 906. But the harvester company fur-

ther contends that, when the beets were converted into cash, its mortgage operated as an equitable assignment of so much thereof as would pay Olander's debt to it. But under the doctrine of equitable assignment, as applied to a part of a given fund, a fixed proportion must be specified. 5 C. J., p. 912, §78. It should be borne in mind that while these beets were sold at a certain price per ton, that price was based upon their sugar content. Since the particular ten acres intended, out of the total of 41.67 planted, cannot be ascertained, and since there is no evidence and no presumption that each one produced the same number of tons, or that each ton yielded the same sugar content, and since no specific sum of money is mentioned, the court has no guide for the application of the doctrine of equitable assignment.

Again, counsel contends that if the harvester company's position is otherwise untenable it is protected by the doctrine of confusion of goods under which it is entitled to its proportionate share of the proceeds of the entire tract. But there can be no such confusion or commingling of goods as will support the doctrine unless there be an original separation, which was here wanting. Moreover, the doctrine does not apply where the commingling was, as is here admitted, with the knowledge and consent of the mortgagee. 12 C. J., p. 496, §§11, 12.

Other points argued are disposed of by the conclusions hereinbefore reached.

The judgment is affirmed.

Mr. Chief Justice Adams and Mr. Justice Hilliard concur.