## KRONE & CO vs. PHELPS ET AL.

1. MORTGAGE: *Description of porperty.*

A mortgage of "all of a crop of ten acres of cotton to be grown" by the mortgagor upon a field containing forty acres in cotton, is, as to strangers to the mortgage, void for uncertainty; and parol evidence to designate the particular ten acres intended is not admissible.

APPEAL from *Lawrence* Circuit Court.

Hon. R. H. POWELL, Circuit Judge.

*W. R. Coody,* for appellant.

The mortgages were properly acknowledged and recorded, long before the rent contract was written, were regular, and certainly admissible for what they were worth. 38 *Ark.,* 190.

Parol evidence to fix the particular 10 acres, clearly admissible. 39 *Ark.,* 394.

Replevin does not lie to enforce a landlord's lien, only attachment. 24 *Ark.,* 549; 36 *Id.,* 572; 39 *Id.,* 575. Here there was no delivery to the landlord or agreement to deliver at a *particular place,* or *to a third person for the landlord. Story on Sales, Sec.* 305, 310; *Benj. on Sales,* 210 *to* 240; 9 *Ark.,* 365; 25 *Id.;* 545; 23 *Id.,* 244; 24 *Id.,* 545; 21 *Id.,* 563; 30 *Id.,* 505; 4 *Id.,* 450; 35 *Id.,* 304. When a party has only a lien he must have actual possession before he can bring *Replevin. Wells on Replevin, Sec.* 121-3; 38 *Ark.,* 416. Plaintiff must have title coupled with right of possession. 37 *Ark.,* 66; 16 *Id.,* 90.

*W. F. Henderson, for appellee.*

The jury found that the title to the cotton was in Phelps. The verdict was supported by a preponderance of evidence

and this court will not disturb the verdict. This is a stronger case than *Knox v. Hellenus,* 38 *Ark.,* 413; see also, 37 *Ark.,* 483; *Story on Sales, Sec.* 305 *to* 310; *Benjamin on Sales,* 221 *to* 240.

By the terms of the rent contract, written and oral, Scott as ginner was the agent of the parties to receive the cotton for Phelps. 9 *Ark.,* 371.

Appellees could not bring attachment, as none of the grounds of attachment existed, no removal or attempt to remove &c,. the crop. Replevin was his only remedy, or a suit in equity.

The mortgages do not *locate* the particular five and ten acres on which the lien was created. They were void as against strangers for uncertainty; and there is no proof that the three bales were gathered from the part intended to be covered by the mortgages. The cotton was picked generally, from the whole place, but the whole of it was liable for rent, and appellants were bound to take notice of Phelps' lien.

COCKRILL, C. J. Appellees recovered three bales of cotton of appellants before a Justice of the Peace in an action of replevin, and on appeal to the Circuit Court the verdict and judgment were in their favor again. It is submitted here that the appellees did not show title to the property sufficient to entitle them to recover in this action. It appears that they were the landlords of the parties who raised the cotton and so had a lien for their rent. This, of itself, would not entitle them to recover, but there was testimony tending to show that the cotton had been delivered to them, or at least to a third person for them in payment of the rent, before appellants got possession of it. The question of delivery and also of appellees right to recover was fairly submitted to the jury, and the verdict was for them. Ther

was evidence to sustain it and we are unwilling to disturb it on that account.

1. MORT-
GAGE: DIS-
cription
property. The tenants who raised the crop had each executed a mortgage to secure appellants in the payment of a debt they owed them, describing the property intended to be mortgaged as "all of a crop of ten acres of cotton to be grown" by the mortgagors on the appellee's land. Appellants undertook to show upon the trial that the landlord's lien had been paid off and discharged, and that if appellees had any interest in the three bales of cotton in suit, their rights accrued by virtue of an agreement between landlord and tenant, after the mortgage lien had attached; and to meet this phase of the case they offered their mortgage in evidence and also offered to show that a particular ten acres of cotton in the field had been designated by the parties to the mortgage as the mortgaged crop. But it was in evidence that the mortgagors had cultivated forty-five or fifty acres of appellees' land in cotton, and that the three bales in question had been gathered from all parts of the field, and the court rejected the proffered testimony.

It is apparent that the subject matter of these mortgages was not described with sufficient certainty to identify the property intended to be assigned. In order to affect purchasers or others acquiring rights in the crop, with notice of the mortgage lien, there must be a description in the mortgage by which it can be identified. *Dodds v. Neal,* 41 *Ark.,* 70. In this case it is said: "When creditors of the mortgagors or others dealing with the property, have acquired adverse rights, a mortgage of a specific number of articles out of a larger number will not be allowed to prevail unless it furnishes the data for separating the property intended to be mortgaged from the mass."

The mortgages in question furnished no data by which the particular ten acres could be laid off or distinguished

from the other thirty or thirty-five acres. The parol evidence offered might have been admissible in a contest between the parties to the mortgages, but as against strangers it could not be heard to piece out a description so defective as this. That would be to prove notice of the mortgage lien by other means than the record, and this, under the settled rule of this court, cannot be done.

Objections are urged to some of the court's instructions to the jury, but we are satisfied that substantial justice has been done upon the whole case and the judgment is affirmed.