RESIN CLARK v. J. R. VOORHEES.

CHATTEL MORTGAGE, *Void for Uncertainty in Description.* Where a chattel mortgage is given upon a certain number of bushels of grain out of a larger quantity which is not uniform in quality and value, the whole of which remains in the possession of the mortgager until it is attached by his creditors; and where the description in the mortgage, as well as the mortgage itself, gives no clue by which the part intended to be mortgaged can be distinguished by third parties from the remainder, the mortgage will be held void for uncertainty.

*Error from Marshall District Court.*

REPLEVIN, brought by *Clark* against *Voorhees.* Judgment for defendant, at the August Term, 1884. The plaintiff brings the case here. The opinion states the material facts.

*A. E. Park,* and *Brownell & Gregg,* for plaintiff in error.
*Mann & Patterson,* for defendant in error:

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of replevin, brought by Resin Clark to recover possession of four hundred bushels of corn from J. R. Voorhees, the sheriff of Marshall county, who seized and was holding the same as such officer. The case is substantially the same in its facts as *Souders v. Voorhees,* just decided. The plaintiff claimed the corn by virtue of a chattel mortgage which was given by Thomas Burnside upon a horse and a quantity of corn, the corn being described as follows:

"Four hundred bushels of corn now growing and being on the west half of section thirty-six, town three south, of range eight, east of the sixth P. M."

There were over one thousand bushels of corn upon the premises described; and it differed greatly in both quality and value. The corn was green and growing when the mortgage was executed, and no part of the same was designated or set apart as being the corn mortgaged or intended to be mort-

gaged by Burnside to Clark.    It was levied on while it was yet standing in the field and in the possession of the mortgagor, and before there was any separation of the four hundred bushels from the remainder of the corn in the field.    Under these circumstances, we must hold the description in the mortgage to be insufficient.  It is impossible for third persons to ascertain from the description, or by the aid of inquiries suggested by the mortgage itself, what particular part of the corn was intended to be mortgaged.    The fact that the corn was not uniform in quality and value makes it all the more important and necessary that the mortgage should definitely designate the particular part intended to be covered by it.    If a mortgage given on a small part of a growing crop without any separation or change of possession, and with a description like this, that gives no clue by which third parties may know what part is mortgaged and what reserved, is to be upheld, then gross frauds can be easily committed.    To hide away his entire crop from his creditors, a party need only give a chattel mortgage upon a few bushels of the whole product, describing it so imperfectly that neither creditors nor officers could distinguish the mortgaged portion from the remainder.    The theory advanced by plaintiff cannot be sanctioned; and following the case of *Souders v. Voorhees*, supra, we must concur in the ruling of the district court holding the mortgage to be void, and will therefore affirm its judgment.

All the Justices concurring.