WALTER A. WOOD M. & R. M. Co. *vs.* MINNEAPOLIS & N. E. Co.

Submitted on briefs Jan. 4, 1892. Decided Feb. 10, 1892.

**Mortgage of Grain to be Raised.**—A mortgage in advance of a crop to be sown and raised on the land of the mortgagor will be treated as an executory agreement to mortgage, and will take effect when the crop is sown; but the property mortgaged must be capable of identification, as in other cases.

**Description of the Chattels Mortgaged.**—A chattel mortgage of 40 acres of wheat, to be grown on a quarter section described, but where no particular 40 acres are designated, and a tract of 75 acres, parcel of the quarter section, instead of 40 acres, is sown, does not take effect as a mortgage of any part of the 75 acres, and is void for uncertainty of description.

Appeal by defendant, Minneapolis & Northern Elevator Company, from an order of the district court of Hennepin county, *Hooker*, J., made August 3, 1891, overruling its demurrer to the complaint.

This action was commenced January 14, 1891. The complaint stated that Duncan McKellar on August 10, 1889, made and delivered to the plaintiff, Walter A. Wood Mowing & Reaping Machine Company, a mortgage on 40 acres of wheat to be raised in each of

the years 1890 and 1891 on the northeast quarter of section four, (4,) township 161, range 76, in Bottineau county, N. D., containing 160 acres, and then in his possession; that the mortgage was made in good faith to secure a debt of $140 he owed it, and was duly filed.

It further stated that in the year 1890 McKellar sowed 75 acres of this land to wheat, and raised thereon about 600 bushels, which he cut, threshed, and delivered to the defendant, and that it had notice of plaintiff's mortgage, but by its duly-authorized agent took the wheat, and converted it to its own use; that plaintiff was entitled to 222 bushels of this wheat by virtue of its mortgage, and that its value was $140; that plaintiff demanded of defendant that part of the wheat, but it refused to deliver it or pay for it, to plaintiff's damage $135. A copy of the mortgage was attached to the complaint.

The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and defendant appealed.

*Koon, Whelan & Bennett,* for appellant.

The mortgage, as to the wheat, is void because the description of it is indefinite and uncertain, and because the facts alleged in the complaint render the description of the wheat indefinite and uncertain in fact. *Parker* v. *Chase,* 62 Vt. 206; *Price* v. *McComas,* 21 Neb. 195; *Dodds* v. *Neel,* 41 Ark. 70; *Krone* v. *Phelps,* 43 Ark. 350; *Watson* v. *Pugh,* 51 Ark. 218; *Kelly* v. *Reid,* 57 Miss. 89; *Fowler* v. *Hunt,* 48 Wis. 345; *Blakely* v. *Patrick,* 67 N. C. 40; *Stonebraker* v. *Ford,* 81 Mo. 532; *Richardson* v. *Alpena Lumber Co.,* 40 Mich. 203; *Cass* v. *Gunnison,* 58 Mich. 108.

*John L. Townley,* for respondent.

The description of the wheat mortgaged was sufficiently definite and certain. *Wade* v. *Strachan,* 71 Mich. 459; *Muse* v. *Lehman,* 30 Kan. 514; *Nichols, Shepard & Co.* v. *Barnes,* 3 Dak. 148; *Close* v. *Hodges,* 44 Minn. 204; *Bretz* v. *Diehl,* 117 Pa. St. 589; *Newell* v. *Warner,* 44 Barb. 258; *Kimberly* v. *Patchin,* 19 N. Y. 330.

VANDERBURGH, J. The plaintiff claims to be entitled to certain wheat in defendant's possession by virtue of a chattel mortgage made by one McKellar, who raised the wheat, and is alleged to have wrongfully sold and delivered the same to the defendant, notwithstanding

the mortgage. The mortgage was dated August 10, 1889. It was given to secure two notes, of $70 each, and was intended to cover a part of the next year's crop of the mortgagor; the description therein being as follows: "All the crops, wheat, oats, barley, flax, and corn, that shall be sown, planted, grown, raised, or harvested during the years A. D. 1890, 1891, on the following described land, now in my possession, in the town 161, R. 76, county of Bottineau and state aforesaid, to wit, 40 acres of wheat on N. E. $\frac{1}{4}$, sec. 4, T. 161, R. 76." It is also alleged that the mortgagor raised on seventy-five (75) acres in said quarter section a large crop of wheat, which, when harvested and threshed, amounted to about six hundred (600) bushels. The plaintiff claims and alleges that the wheat raised on forty (40) acres out of the seventy-five (75) acres mentioned was subject to the lien of the mortgage, and amounted to about two hundred and twenty (220) bushels; but that the mortgagor sold and delivered to the defendant the entire product of the seventy-five (75) acres, in fraud of the rights of the plaintiff. It does not appear that any attempt was ever made to sever the crop raised on forty (40) acres, or the two hundred and twenty (220) bushels alleged to have been raised thereon, from the whole product or mass of wheat raised on the seventy-five (75) acres, or that the yield was uniform over the tract. It is alleged that the defendant took with notice of plaintiff's mortgage and claim to the grain raised on forty (40) acres, but it does not appear that forty (40) acres of the grain was ever separately designated as a part of the seventy-five (75) acres. We do not need, however, to consider what effect upon the rights of the parties such separation would have had if it had been seasonably made. Upon the facts alleged, the mortgage failed to take effect upon any part of the crop raised on the seventy-five (75) acres. Whether we apply the doctrine that the landowner has a potential interest in the future products of his farm, or that a mortgage of property not yet acquired or in existence is to be treated as an executory agreement, which becomes operative as a mortgage, and attaches to the property when so acquired or *in esse,* it is settled that he may mortgage his crop in advance, and the mortgage will attach thereto as soon as it comes into existence, and, as respects the subject-matter, will take effect as of

that time; but the property mortgaged must be capable of identification, as in other cases. *Ludlum* v. *Rothschild*, 41 Minn. 218, (43 N. W. Rep. 137.) Though evidence *aliunde* may be received to apply or connect the description therein with the property claimed to be mortgaged, the description in the mortgage must be sufficient for such purpose. *Souders* v. *Voorhees*, 36 Kan. 142, (12 Pac. Rep. 526.) Whether in this instance the plaintiff could acquire any lien at all must depend upon the subsequent action of the mortgagor. As already suggested, the mortgage could not take effect until the crop was sown, and as he sowed, not forty (40) acres or less, but seventy-five (75) acres, and the mortgage was limited to forty (40) acres,— but no particular forty (40) acres was designated or described,—it is impossible to determine which part of the larger tract the mortgagee is entitled to. There is nothing in the mortgage to connect it with any particular forty (40) acres; so that it did not, in fact, take effect at all. Suppose, after it was harvested and in shock or stack, the whole product of the seventy-five (75) acres had been levied on, what part of it could the mortgagee identify and demand as his? Clearly he was not entitled to claim a lien on the whole till he could select the product of forty (40) acres. Under these circumstances, the mortgagee cannot invoke the aid of the court to enforce his mortgage. It was the mortgagee's own folly to take a mortgage so loosely drawn.

Order reversed.

(Opinion published 51 N. W. Rep. 378.)