GURDON W. WATTLES V. LUCIUS W. COBB ET AL.

FILED JUNE 20, 1900.   No. 9,272.

Chattel Mortgage on Growing Crop: UNCERTAIN DESCRIPTION. A chattel mortgage on 340 acres of corn, which was part of a growing crop of 425 acres, *held* void for uncertainty of description, the mortgaged property being neither uniform in quality nor capable of identification.

ERROR to the district court for Thurston county. Tried below before EVANS, J. *Affirmed.*

*Brome & Burnett,* for plaintiff in error.

*A. C. Abbott, McNish & Oleson, M. C. Jay* and *Guy T. Graves, contra.*

SULLIVAN, J.

This action was instituted by Gurdon W. Wattles to foreclose six chattel mortgages given to him by Lucius W. Cobb and Larkin B. Cobb. The controversy brought here for decision is between the plaintiff and the defendant, Frank B. Hutchins, trustee, and relates to certain corn raised in 1895 upon the premises hereinafter described. Wattles claims a lien upon the corn by virtue of a mortgage from the Cobbs, bearing date May 20, 1895, and containing the following description: "40 acres of wheat, 65 acres of oats, 40 acres of barley, 340 acres of corn. All of said crops now growing on lands leased from F. B. Hutchins, trustee, described as follows: N. $\frac{1}{2}$ N. E. $\frac{1}{4}$, Sec. 1, T. 25, R. 5; S. $\frac{1}{2}$ S. E. $\frac{1}{4}$ Sec. 26, T. 26, R. 5; N. E. $\frac{1}{4}$, E. $\frac{1}{2}$ of N. W. $\frac{1}{4}$, E. $\frac{1}{2}$ of S. W. $\frac{1}{4}$, N. $\frac{1}{2}$ of S. E. $\frac{1}{4}$, and S. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of Sec. 35, T. 26, R. 5, and S. W. $\frac{1}{4}$, S. $\frac{1}{2}$ of N. W. $\frac{1}{4}$, and N. E. $\frac{1}{4}$ of S. E. $\frac{1}{4}$ of Sec. 36, T. 26, R. 5." Hutchins claims title under a bill of sale executed by the Cobbs on May 4, 1895. The bill of sale, according to its terms, transferred 430 acres of corn upon the identical land described in plaintiff's chat-

tel mortgage. Upon this land there was actually grown in the year 1895 about 425 acres of corn. Whether there is any infirmity in Hutchins' title we need not determine, for the reason that plaintiff has failed to show any right to, or interest in, the property in dispute. His chattel mortgage, as far as it relates to the corn, is clearly void for uncertainty of description. The corn was not uniform in quality and there is nothing in the record to indicate what 340 acres was covered by the mortgage.

To make a valid contract requires a meeting of the minds of the contracting parties. In this case the court can not say from the evidence that the minds of the mortgagors and mortgagee ever came together so as to create a lien upon any particular corn. We can not see how the plaintiff could have maintained replevin even against the Cobbs. It would hardly be contended that an agreement to sell 340 acres out of a tract of 425 acres would be capable of specific enforcement. Such a contract would not give the purchaser an equitable ownership in any of the land. Neither could the mortgage here in question give the mortgagee a lien upon any specific personalty. Our conclusion, that the description contained in the mortgage, so far as the corn is concerned, was void for uncertainty, is, we think, supported by the following cases: *Price v. McComas*, 21 Nebr., 195; *Wood Mowing & Reaping Machine Co. v. Minneapolis & Northern Elevator Co.*, 48 Minn., 404; *Souders v. Voorhees*, 36 Kan., 138; *Clark v. Voorhees*, 36 Kan., 144; *Pennington v. Jones*, 57 Ia., 37; *Krone v. Phelps*, 43 Ark., 350; *Atkinson v. Graves*, 91 N. Car., 99; *Williamson v. Steele*, 3 Lea [Tenn.], 527; *Richardson v. Alpena Lumber Co.*, 40 Mich., 203; *Cass v. Gunnison*, 58 Mich., 108; *Blakely v. Patrick*, 67 N. Car., 40; *Stonebraker v. Ford*, 81 Mo., 532. The judgment is

AFFIRMED.