COMMERCIAL STATE BANK v. INTERSTATE ELEVATOR CO.

1. A chattel mortgage on growing wheat, which described the land as 340 acres of wheat now in the possession of the mortgagor, in M. county, without specifying the town, range, or section, was not sufficient to impart notice to a bona fide purchaser of the grain, since it would place

too great a burden on buyers to require them to ascertain, before purchasing grain offered for sale, what realty was in possession of a mortgagor.

2. where a chattel mortgage on growing grain was insufficient in not showing the township, range, or section of the land on which the grain was growing, the fact that the mortgage contained a particular description by section, town, and range of the mortgagor's residence did not cure the insufficiency in describing the land.

3. Laws 1897, Chap. 95, provides that every chattel mortgagee shall deliver to the mortgagor a full and complete copy of the mortgage, and that unless it appear on the instrument, over the signature of the mortgagor, that such copy was delivered, the mortgage shall be void. Held, that the fact that the receipt, showing a delivery of a copy of the mortgage, was inserted in the body of the mortgage, and was signed before the execution of the instrument, did not render the mortgage void on the ground that it was not complete when the receipt was signed, since the object of the statute was merely to enable the mortgagor to detect any changes or alterations in the original instrument, and hence it was immaterial whether the receipt was inserted in the mortgage or was attached thereto after its execution.

FULLER, P. J. dissenting.

(Opinion filed February 20, 1901.)

Appeal from circuit court, McCook county. HON. JOSEPH W. JONES, Judge.

Action by the Commercial State Bank against the Interstate Elevator Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*E. H. Wilson* (*C. D. Goldsmith,* of counsel), for appellant.

The description of the property in the mortgage is sufficiently definite to put a third person, having no notice, upon inquiry. First Nat. Bk. v. Koechel 8 S. D., 391, 66 N. W. 933; Advance Thresher Co. v. Schmidt, 9 S. D. 490, 70 N. W. 646; Potts v. Newell, 22

Minn.563; Felker v. Grant, 10 S. D. 141, 72 N. W. 81; Wells v. Wilcox 68 Iowa, 708.

*Pyle & Taylor, for* respondent.

It is not alleged in the complaint in this action nor is it anywhere shown by the record, that a copy of the instrument purporting to be a chattel mortgage, was ever in fact delivered to the mortgagor, or that the law in this state regarding chattel mortgages and the execution and deliverey of same was ever in fact complied with. Section 1 of Chapter 95, Laws of 1897.

The instrument in this case does not attempt to cover crops on any particular land. The mortgage itself is the only evidence as to what the mortgage covers. Citizens Bank v. Rhutasel, 67 Ia. 316, 25 N. W. Rep. 261.

It is a general rule of the common law that growing crops form a part of the real estate to which they are attached. American and English Enc. of Law, Vol. 8, page 303, (2nd Ed.), and in the case of a sale, cannot be reserved by parol. *Ibid.* page 306. Coughran v. Sundback, 9 S. D. 483, 70 N. W. 644; Waterwood v. Elevator Co., 48 Minn. 404, 51 N. W. 378.

Corson, J. This is an action by the plaintiff to recover of the defendant the value of 500 bushels of wheat alleged to have been converted by the defendant. Judgment for the defendant, and the plaintiff appeals. The plaintiff in its complaint alleged that it was entitled to the wheat by vrtue of a chattel mortgage executed by one Hans Olson to the plaintiff, bearing date the 9th day of June, 1898, given to secure the payment of a certain promissory note executed by said Olson for the sum of $720.75, bearing date the same day, and payable on the 1st day of October, 1898, with interest at the rate of 8 per cent, per annum, and a copy of said mortgage is annexed to

the complaint and made a part thereof. The defendant in its answer admits that said Olson executed and delivered the instrument in writing set out in plaintiff's complaint, and that said instrument was left with the register of deeds for Miner county, and entered upon the records of Miner county as though it had been a chattel mortgage, but denied that said Olson executed any chattel mortgage at any time, and denied that any chattel mortgage executed by said Olson was at any time filed for record in the office of the register of deeds for Miner county. Defendant further alleged that it purchased of said Olson, and in good faith, and without any knowledge of the claim thereon of the plaintiff, 531 bushels of wheat, and paid therefor the sum of $256.78, and that the defendant purchased said wheat without any knowledge whatever as to where said wheat was raised. The answer of the defendant was evidently drawn upon the theory that the description of the mortgaged property in the mortgage was insufficient to impart constructive notice to third persons, and that it was not, therefore, in law a chattel mortgage, and such seems to have been the view taken by the court below. The court in its findings, among other things, found that the wheat sold and delivered by Olson to the defendant, and by it converted to its own use, was raised during the year 1898 upon the west one-half of section 14, and the southeast quarter of section 15, township 105, n., range 55, w., in the county of Miner, being the same land mentioned in plaintiff's complaint, and that the defendant had no knowledge of these facts further than such constructive notice as the filing of the instrument executed by Olson to the plaintiff would impart. The court further found that prior to the commencement of this action the plaintiff duly demanded that defendant deliver to it the said wheat so converted or the value thereof, and that the defendant has at all times refused to comply with such demand, and the court concludes as matter of law

that the description was insufficient to impart any notice to the defendant. The first question, therefore, presented for the decision of this court is, was the description of the property as given in said mortgage sufficient to impart constructive notice to the defendant?

The mortgage, so far as necessary to be given in this opinion, reads as follows: "Know all men by these presents that Hans Olson, * * * party of the first part, being justly indebted to the Commercial State Bank of Salem, McCook county, state of South Dakota, party of the second part, in the sum of seven hundred twenty and 75-100 dollars, which is hereby confessed and acknowledged, has, for the purpose of securing the payment of said debt, granted * * * unto the said party of the second part, his successors or assigns, all that certain personal property described as follows, to-wit: All the crops of every name, nature, and description, consisting of 340 acres of wheat, 15 acres flax, 10 acres oats; all the property now being in the possession of said first party in the county of —— and county of Miner and State of South Dakota, and is free from all incumbrance whatever, except $200 given to Wm. Blankartz."

This court has laid down the rule that "a mortgage of personal property is sufficient, as to description, if it be such that a prudent, disinterested person, aided only and directed by such inquiry as the instrument itself suggests, is able to identify the property." Thresher Co. v. Schmidt, 9 S. D. 489, 70 N. W. 646; Bank v. Koechel, 8 S. D. 391, 66 N. W. 933; Coughran v. Sunback, 9 S. D. 483, 70 N. W. 644. The rule above stated was adopted and applied in cases involving ordinary personal property, which can be easily identified, but has little application to grain, which can only be identified by the description of the particular real property upon which the grain is to be raised. In a chattel mortgage, therefore, of growing grain, it is necessary that there should be a particular description of the land

upon which the grain is to be grown. Tested by this rule, we are of the opinion that the description of the property in the mortgage in the case at bar is clearly insufficient to impart constructive notice to third persons. It will be observed that the only description in the mortgage is, "all crops of every name, nature, and description, consisting of 340 acres of wheat," etc., and being in the possession of said first party, Olson, in the county of Miner, in this state, and that neither the township nor section in which the land is situated is mentioned. The only description of the real property, therefore, upon which the grain was to be grown was that of being in the possession of said Olson. While this might be a sufficient description of ordinary personal property, it certainly cannot be sufficient in a chattel mortgage of growing grain, which is not, strictly speaking, in the possession of a party until harvested; and it would be imposing too great a burden upon third parties to require them to ascertain, before purchasing grain offered in the open market, what real property the mortgagor was in possession of, and that such grain was grown upon land in the actual possession of such mortgagor. While third persons may be required to ascertain, at their peril, that grain offered for sale has not been grown upon certain premises fully described in the mortgage, they certainly cannot be required to do so when no such description is given.

It is contended on the part of the appellant that in stating the residence of Hans Olson, the mortgagor, he is described as being of the west half of section 14, and the southeast quarter of section 15, township 105 n., range 55 w., in the county of Miner, and that, therefore, that qualifies the description of the property given in the mortgage; but we cannot so hold. Such a description is ordinarily given to identify the party, and it does not necessarily follow that, because the mortgagor was of or resided upon land described, such

was the land upon which the grain mortgaged was to be grown, and we think that third parties were not required to assume that the grain offered for sale by Olson was the grain grown upon the land described in the mortgage as the land upon which Olson lived. It would be a dangerous rule to establish that a description of property such as that given in this mortgage, upon which mortgaged grain is to be grown, would be sufficient to impart constructive notice to third parties buying such grain of the mortgagor.

It has been doubted whether the rule allowing a chattel mortgage upon growing grain or crops to be raised in the future under any curcumstances was a wise one; but while such a mortgage may be regarded as too firmly established in this state to be now questioned, it certainly is our duty to hold parties to a strict rule, and require a full description of the realty upon which crops are to be grown. We are of the opinion, therefore, that the circuit court was clearly right in holding that the chattel mortgage in this case was void for uncertainty of description, and that its filing did not give constructive notice to third parties dealing with the property.

A second point was made by the respondent that it appears from the chatel mortgage in this case that there were inserted in the instrument words purporting to be a receipt admitting that a true copy of the mortgage was delivered to, and received by, the mortgagor before the mortgage was in fact executed, and that, therefore, the mortgage in controversy is void under the provisions of chapter 95 of the Laws of 1897, which, in effect provides that the mortgagee of every chattel mortgage shall provide and deliver to the mortgagor a full, true, complete, and perfect copy of the same, and which further provides that unless it appear upon the mortgage instrument, over the signature of the mortgagor, that a true copy has been delivered to, and received by, the mortgagor, the said mortgage shall

be void. The specifiic point made by the respondent is that the receipt in the mortgage itself, signed by the mortgagor, is not a compliance with the statute; in other words, that the mortgage was not complete when the receipt was so signed, and that to make it a full and complete copy it should have been first executed, and a perfected mortgage, before a copy thereof could be delivered to the mortgagor, and that such receipt should have been upon the mortgage, and signed after the mortgage had been fully executed and perfected. We cannot agree with the respondent that the mortgage is invalidated for the reason stated. The evident object and purpose of the act of 1897 was to require to be placed in the hands of the mortgagor a full, true, complete, and perfect copy of the mortgage, in order that the mortgagor might be fully advised in regard to the instrument he has executed, and to enable him to detect any changes or alterations that might be made in the original instrument. It cannot be regarded, therefore, as material to him whether his receipt of the copy is contained in the mortgage at the time it is executed by him, or that such receipt is placed upon the mortgage after the same has been executed. In either case, the receipt may be said to be upon the mortgage over his signature. We are of the opinion, therefore, that the construction contended for by the respondent is too narrow and re stricted, and that the mortgage will be valid whether the receipt is contained in it at the time the same is signed by the mortgagor or is indorsed upon the mortgage after the same has been fully executed. While the indorsement of the receipt of the mortgagor upon the instrument after the same has been fully executed would be more formal and technically corect, the failure to observe this formal matter, and inserting the receipt at the end of the mortgage before the signature of the mortgagor, cannot, without a clear violation of the evident intention of the lawmaking power, be held to invalidate the instrument. The judgment of the circuit court is affirmed.

FULLER, P. J. dissenting.