# FIRST STATE BANK OF NEW LEIPZIG, NORTH DAKOTA, a Corporation, Appellant, v. KELLOGG COMMISSION COMPANY, a Foreign Corporation, Respondent.

(170 N. W. 635.)

**Conversion by mortgagee — of grain — chattel mortgage — description of land where crops are to be grown — notice to purchasers — or encumbrancers — must be sufficient to give — must be definite — certain as to identification.**

In an action for conversion by the mortgagee for the conversion of a certain quantity of flaxseed, the land upon which the crop is alleged to have been grown was described in one of the chattel mortgages as *"land in* section 25, township 134, range 91," and in the other as "all the crops on *land in* sections 18 and 31, township 134, range 90;" *held* that the description is too indefinite and uncertain to constitute notice to purchasers for value of crops which may have been grown upon such indefinite description of land.

Opinion filed December 27, 1918.   Rehearing denied January 14, 1919.

Appeal from the District Court of Grant County, North Dakota, Honorable *J. M. Hanley,* Judge.

Affirmed.

*Jacobsen & Murray,* for appellant.

In granting a motion for a directed verdict, the order of the court must stand or fall upon the grounds specified in the motion. Erickson v. Wiper, 33 N. D. 193.

It is not necessary to allege a demand for possession of the property in conversion cases. More Bros. v. Western Grain, 31 N. D. 369.

A letter asking if possession of the property in question will be given, and stating that failure to answer will be deemed a refusal to deliver, is a sufficient demand, where a demand is necessary. No particular form of demand is necessary. McFadden v. Thorpe Elev. Co. 18 N. D. 93; 11 N. D. 280.

No demand was here necessary because defendant had waived demand and the record clearly shows a demand would have been unavailing. Thompson v. Thompson, 91 N. W. 44; 38 Cyc. 2035; 3 N. D. 284; 25 Pac. 219; McFadden v. Thorpe Elev. Co. 18 N. D. 93.

But a demand for payment of property alleged to have been converted is sufficient. Guthrie v. Olson (Minn.) 46 N. W. 853.

*F. B. Lambert,* for respondent.

Defendant was an innocent bailee of the grain after notice, and the acts of receiving the same and issuing storage tickets to him thereafter, followed by mingling the grain with other grain, were all and singular lawful acts of the defendant, done in the due course of business, and no action for conversion would lie for the same in the absence of a demand for the grain before suit. Towne v. St. Anthony, 8 N. D. 200.

"A defendant, in order to suffice as evidence of a conversion by him who has refused to honor it, must be so specific as to the property desired as to leave no doubt of its identity." Bowers, Conversion, §§ 30, 362.

The description in the chattel mortgage under which claim to the grain is here made, is too indefinite and uncertain to afford notice to third persons. A mortgage on grain grown on a certain section of a stated town and range, when only a part of such section is farmed by the mortgagor, and other portions by third persons, is not a sufficient description of the mortgagor's part to afford notice to others. Com. Bank v. Elev. Co. (S. D.) 85 N. W. 219; Hammon, Chat. Mortg. 58, 61; Wood v. Minneapolis, 48 Minn. 404; 11 C. J. 463, § 83-F.

"There is no presumption of law that the mortgagor is owner of the mortgaged property." Warner v. Wilson (Iowa) 5 Am. St. Rep. 710, 36 N. W. 719.

Insufficiency of the description in a chattel mortgage is a question of law. 11 C. J. 472, § 103; Hagen v. Dwyer, 36 N. D. 346, 162 N. W. 699.

In a conversion case, plaintiff must show actual damage before he can recover. Lovejoy v. Merchants State Bank, 5 N. D. 623; Smith v. Donohue (S. D.) 83 N. W. 264; Force v. Peterson, 17 N. D. 220, 116 N. W. 84.

GRACE, J. Appeal from the district court of Grant county, from an order denying a motion for a new trial, Honorable J. M. Hanley, Judge.

The action is one in conversion. In its complaint for first cause of action, the plaintiff, in substance, alleges that one Henry Ehlert exe-

cuted and delivered to the plaintiff two promissory notes, one for $88, one for $66, with interest thereon at 10 per cent from the date thereof, which it is alleged were secured by a chattel mortgage on all crops of every name, nature, and description sown, grown, raised, or harvested during the year 1916 upon section 25, township 134, range 91; that during the year 1916, Ehlert sowed, grew, raised, and harvested a crop of flax, upon said land, of 500 bushels or more, of the alleged value of $1,000. For second cause of action, it is alleged that Ehlert executed and delivered to plaintiff a certain note for $185, which, it is alleged, was secured by a chattel mortgage on all crops of every name, nature, and description sown, grown, planted, or cultivated and harvested during the year 1916 on sections 18 and 31, township 134, range 90 in Morton county, North Dakota; that Ehlert raised from said land during the year 1916, about 700 bushels of flax of the alleged value of $1,500. It is alleged in the complaint that defendant wrongfully and unlawfully about the 10th day of October, 1916, converted all of said flax to his own use to the damage of the plaintiff in the sum of the notes, with interest from their date. Defendant, in its answer, exclusive of the admission of the corporation of the plaintiff, interposes a general denial to the allegations of the complaint.

The appellant makes but two assignments of error, *viz.:* First, the court erred in directing a verdict in favor of the defendant; second, the court erred in denying motion for a new trial. The appellant relies upon the first assignment of error. The defendant, at the close of plaintiff's case, made the following motion for a directed verdict, which was granted:

"The defendant at this time moves the court to direct the jury to return a verdict for the defendant on the ground and for the following reasons: First, that the complaint does not state facts sufficient to constitute a cause of action, in that no demand is alleged. Second, on the ground that the plaintiff has wholly failed to prove a cause of action against the defendant, for the reason that it has shown no proper demand for the possession of the said grain or any part thereof in accordance with law. Third, that the pretended demand which is alleged to have been sent through the mail is too indefinite and uncertain in its terms, it specifically demanding not only the grain raised and harvested by the man Ehlert, but by all other persons on said section, it

being definitely shown by the testimony that other parts of the sections of land described in the demand were occupied and in crop by other parties. Fourth, for the reason that there is absolutely no evidence to determine what portion of the flax alleged to have been taken to the defendant elevator was raised on the land described in one of the mortgages or the other, and that this is necessary under the showing. Fifth, that the description of the land on which the crops were to be grown on which a mortgage is claimed and on which this action is commenced, is too indefinite and uncertain, and does not therefore bind the defendant, who is an innocent purchaser for value; the description of the land being as follows: 'Also all the crops of every name, nature, and description, which have been or may be hereafter sown, grown, planted, or cultivated, and the crop harvested therefrom in the year of 1916 on land in section 25, township 134, range 91, west' as contained in exhibit 'F,' there being no description of the quarter section of land, or any other part of the section, and it not being shown affirmatively that the man Henry Ehlert had no interest in at least a half section of the said land, or any crops raised thereon; and exhibit 'E,' being more definite than that because it describes it as land in sections 18 and 31, township 134, range 90, and not describing any particular quarter, and it being affirmatively shown that the man Henry Ehlert only pretended to farm one quarter section of said two sections. On the further ground that the demand offered in evidence asks for and demands all of the grain raised by Henry Ehlert, or others, on section 25, in township 131, range 91, same not being the land described in the mortgage. On the further ground that the undisputed evidence shows that the attorney for the plaintiff has had in his possession or under his control, through the sheriff, all of the other property described in the mortgage and has never accounted therefor. . . . And on the further ground that the undisputed testimony shows that there never was a division of the grain, nor passing of title to the grain on division to the plaintiff. The Court: The motion is granted."

An examination of the motion for a directed verdict will disclose that several of the reasons set forth therein why the verdict should be directed were based upon the assumption that no legal or sufficient demand by the plaintiff of the defendant had been made for the flax in question. We think the testimony is sufficient to show a demand, if it

should appear that a demand would have been of any avail. The testimony of Sprecher is to the effect that he made a demand for either the storage tickets or the money for the same. We think the testimony shows quite clearly that the flax raised by Ehlert on the land described in the mortgages to plaintiff was hauled to the defendant elevator at New Leipzig. It is not necessary to review or set out such testimony. It is quite convincing in this regard. The plaintiff cashier, Sprecher, at a time which would appear from the testimony to be about the latter part of October or the first part of November of the year 1916, had several conversations with Shoenfeldt, the defendant's agent in charge of its elevator, which Sprecher demanded the storage tickets for such flax or the money therefor. We think a demand for the storage tickets was a demand for the flax, and that the defendant must have so understood it. In addition to the oral demands, plaintiff's attorneys, Jacobsen & Murray, addressed to the defendant at New Leipzig, North Dakota, a written demand dated October 31, 1918, which written demand, it appears from the testimony, was inclosed in an envelop and with postage duly prepaid thereon and addressed to the defendant at New Leipzig, North Dakota. The defendant's agent, Shoenfeldt, testified in effect that he did not receive the letter. That the defendant did not receive such written demand is immaterial, as the testimony is sufficient, exclusive of it, to show sufficient demand by the plaintiff of the defendant for such grain. Again, we think it reasonably appears, from all the circumstances surrounding the case, that a demand would avail nothing and it would have been really useless to have made it. The defendant has answered the plaintiff's complaint and has thoroughly contested the plaintiff's right to recover on other grounds than the alleged failure to make a proper demand. We are of the opinion that it is perfectly clear, no matter in what form the demand had been made, it would have been declined. Under these circumstances, a demand is really unnecessary.

Defendant challenges the validity of each of the chattel mortgages on the grain on the ground that the description of the land in said mortgages, upon which the grain in question grew, is too indefinite and uncertain, and therefore not binding on the defendant on the ground that he is an innocent purchaser for value. There are two chattel mortgages each covering crops on this land. Each contains the following

provision: "Also all the crops of every name, nature, and description which have been or may be hereafter sown, grown, planted, or cultivated and the crop harvested therefrom in the year 1916." In one of the mortgages the land upon which the grain is grown is described as "land in section 25, township 134, range 91 west," and in the other it is described as "land in sections 18 and 31, township 134, range 90." This description, we are of the opinion, is entirely too indefinite and uncertain to constitute notice to purchasers for value of any crop which may have been grown on such indefinite description of the land. The description might mean, in the one case, a few acres in any part of section 25, and, in the other, a few acres in sections 18 and 31, or it might mean, in either case, several hundred acres or it might mean the entire section or sections. The description is so indefinite that one examining the records could not determine what land the crops were grown upon which were intended to be mortgaged. If the description had been all the crops of every name, nature, and description upon all of section 25 or all of sections 18 and 31, there would then have been a definite description of land. A description of land such as is contained in these chattel mortgages upon which the crops are mortgaged may be good as between the original parties to the mortgages, but it is too indefinite and uncertain to constitute notice to innocent purchasers for value. The description of land, crops upon which are mortgaged, should be sufficiently definite, in order to be notice to purchasers of such crops for value, that one examining the record could, with reasonable certainty, identify and know where the crop really is which is mortgaged.

In its motion for a directed verdict, the defendant also relied upon the proposition that the plaintiff had, in his possession or under his control, other property described in the mortgage exclusive of the crop which had been accounted for. The defendant, however, did neither plead nor prove the value of such property, nor ask, in its prayer for relief, that the plaintiff first be required to apply the value of all such other property upon the obligation sued upon before invoking liability against the defendant for the value of the flax in question. The defendant not having pleaded such facts, and having demanded no relief in this regard, it would be entitled to no relief upon the ground of the failure of plaintiff to account for the other property referred to.

This disposes of all the major questions presented in this case. The decision of any minor matters which have been discussed by either counsel would, in no way, affect the result at which we have arrived, and need not be further noticed. We hold the description of land upon which the flax in question was alleged to have been grown is so indefinite and uncertain that it is no notice to purchasers for value of any crop grown thereon.

For the reasons above stated, it was not error for the trial court to direct a verdict for defendant. The order of the trial court denying plaintiff's motion for a new trial is affirmed, with statutory costs of appeal.

CHRISTIANSON, Ch. J. (concurring). I concur in the conclusion reached in the opinion prepared by Mr. Justice Grace, viz., that the description of lands contained in the chattel mortgages is too indefinite to constitute constructive notice to a purchaser of the flax involved in this controversy.

The mortgages involved in this controversy do not state any specific kind of grain,—they cover "all crops of every name, nature, and description." They do not purport to give definite descriptions of the lands on which the grain is growing, or is to be grown; neither do they state the number of acres intended to be covered by the mortgages. The land intended to be covered might have been 1 acre, 10 acres, 40 acres, or any other quantity which might be located within the section or sections mentioned in the mortgages. It might have been all in one contiguous tract, or it might have consisted of several noncontiguous parcels, situated in different parts of the section or sections mentioned in the mortgages. There is no showing that the mortgagor lived upon any of the lands in question, and there is no contention that he owned any part of them. The evidence offered by the plaintiff tended to show that the mortgagor during the year 1916 cropped some lands situated in the sections mentioned in the mortgages; that he raised and harvested some 50 acres of flax in Morton county, and some 40 acres of flax in Hettinger county; that he had a one-half interest in, and received one-half of, the flax raised in Morton county; and that he received the flax from the 25 acres of the 40-acre field in Hettinger county; and that the landlord received the flax from the remaining 15 acres.

A description of property in a chattel mortgage is generally considered sufficient if it enables a third person, aided only and directed by such inquiries as the instrument itself suggests, to identify the property. But, in determining the sufficiency of description of mortgaged personal property, the character of the property must be considered. A description sufficient as to ordinary personal property may be insufficient as to growing crops or crops to be grown. Such crops can be identified only by a description of the particular real property upon which they are growing or are to be grown. Commercial State Bank v. Interstate Elevator Co. 14 S. D. 276, 86 Am. St. Rep. 760, 85 N. W. 219. See also Walter A. Wood Mowing & Reaping Mach. Co. v. Minneapolis & N. Elevator Co. 48 Minn. 404, 51 N. W. 378; Hagen v. Dwyer, 36 N. D. 346, 162 N. W. 699.

As was said by the supreme court of our sister state: "It would be imposing too great a burden upon third parties to require them to ascertain, before purchasing grain offered in the open market, what real property the mortgagor was in possession of, and that such grain was grown upon land in the actual possession of such mortgagor. While third persons may be required to ascertain, at their peril, that grain offered for sale has not been grown upon certain premises fully described in the mortgages, they certainly cannot be required to do so when no such description is given." Commercial State Bank v. Interstate Elevator Co. supra.