NORMAN v. S. L. JOSEPH MERCANTILE COMPANY.

## Opinion delivered April 10, 1922.

1. MORTGAGES—INSUFFICIENCY OF DESCRIPTION.—Mortgages of cotton described as "6 acres of cotton grown on the John Moore lease," which land consisted of 12 acres, *held* void for uncertainty of description, as it furnished no description from which it could be ascertained what particular 6 acres were intended.

2. MORTGAGES—NOTICE.—Persons purchasing personal property with actual notice of a mortgage thereon take free from such mortgage where the description in the mortgage does not identify the property intended to be mortgaged, as the purchaser is required only to take notice of the description in the recorded mortgage.

Appeal from Greene Circuit Court; *D. G. Beauchamp,* special judge; affirmed.

*Jeff Bratton,* for appellant.

Where a mortgage covers an undivided interest in a whole crop, it is not necessary that it designate the manner in which the interest conveyed should be separated from the balance. 11 C. J. 470; 48 Ark. 293.

The notice was sufficient. 51 Ark. 414; 23 Ark. 744; 58 Ark. 91.

*Block & Kirsch* and *Fuhr & Futrell,* for appellee.

The description in the mortgage was void for uncertainty. 41 Ark. 70; 43 Ark. 350; 11 C. J. 470; 31 Am. Rep. 652.

WOOD, J.  One W. C. Rasberry executed to appellant a mortgage in which the property mortgaged was described as "six acres of cotton grown on the John Moore lease." Rasberry and one John Moore owned an undivided one-half interest on cotton that was grown on twelve acres of land designated as the "John Moore lease." The S. L. Joseph Mercantile Company, a corporation, and Bertig Bros., a partnership, purchased of Rasberry cotton owned by Rasberry that was grown on the John Moore lease. They purchased the cotton after the appellant had told them that he had a mortgage on Rasberry's cotton. The appellant instituted separate actions against the appellees to recover of them respec-

tively the amounts paid by them to Rasberry for the cotton. The causes were consolidated for trial, and by consent of parties were tried by the court sitting as a jury. The court, upon the facts, rendered judgment in favor of the appellees, from which is this appeal.

The mortgage was void because of uncertainty in the description. It furnishes no data by which it can be ascertained what particular six acres of cotton grown on the John Moore lease of twelve acres was intended. "A mortgage covering crops growing on a certain number of acres in a larger tract, without specifying the particular part intended, is void for uncertainty." 11 Cor. Jur. 470; *Dodds* v. *Neal,* 41 Ark. 70; *Krone & Co.* v. *Phelps,* 43 Ark. 350.

As between the appellant and the appellees, the latter only had to take notice of the description in the mortgage that was on file in the office of the circuit clerk of Greene County. *Krone & Co.* v. *Phelps, supra.* The judgment is correct, and it is therefore affirmed.