No. 27,872.

RAYMOND MARTINEK, *Appellant*, v. OSCAR CARLSON, as Sheriff of Shawnee County, et al., *Appellees*.

(264 Pac. 735.)

SYLLABUS BY THE COURT.

CHATTEL MORTGAGES—*Sufficiency of Description of Growing Wheat.* On November 17, 1924, Steven Martinek, who was "the owner of an undivided one-half interest in about sixty-five acres, and the full owner of about ten acres of growing wheat located on what was commonly known as the Agnes Martinek farm . . . section 1, township 10, range 13, Rossville township . . . and . . . the owner of an undivided one-half interest in about seventy to eighty acres . . . of growing wheat located on what was commonly known as the J. M. Franklin farm," all in Shawnee county, gave a chattel mortgage which described the property pledged as follows: "35 acres of growing wheat on the J. M. Franklin farm, 35 acres of S. E. ¼, section 1, Rossville township, owned entirely by me without any incumbrance." There was nothing to indicate which ten acres of wheat was entirely owned by the mortgagor. On July 9, 1925, the sheriff levied on 1,096 bushels of wheat, the amount of wheat owned by the mortgagor and grown on the land described. *Held*, that the description of the wheat mortgaged was so indefinite and uncertain that it was void as against the execution creditor.

Appeal from Shawnee district court, division No. 1; JAMES A. McCLURE, judge. Opinion filed March 10, 1928. Affirmed.

*Tinkham Veale*, of Topeka, for the appellant.

*W. Glenn Hamilton*, of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, a mortgagee of growing wheat, prosecuted this action against Oscar Carlson, the sheriff of Shawnee county, to recover the possession of wheat. The sheriff held the wheat under an execution issued in an action in which the trustees of J. Thomas Lumber Company had procured a judgment against Steven Martinek, the mortgagor of the wheat. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The contest revolves round the validity of the description of the wheat as set out in the chattel mortgage which was dated November 17, 1924. That description was as follows:

"Thirty-five acres of growing wheat on the J. M. Franklin farm, 35 acres on S. E. ¼, sec. 1, Rossville township, owned entirely by me without any incumbrance."

Chattel Mortgages, 11 C. J. p. 470 n. 59; 23 L. R. A. 449; L. R. A. 1917C 22; 5 R. C. L. 427.

The action was tried on an agreed statement of facts, which contained the following:

"2. Some time prior to the —— day of November, 1924, Steven Martinek was the owner of an undivided one-half interest in about sixty-five acres, and the full owner of about ten acres of growing wheat located on what was commonly known as the Agnes Martinek farm, and described as the southeast quarter of section 1, township 10, range 13, Rossville township, Shawnee county, Kansas, said interest amounting to 253 bushels in the 65 acres, and 70 bushels in the 10 acres, on July 9, 1925; and that Steven Martinek also was the owner of an undivided one-half interest in about seventy to eighty acres, the exact acreage not being known, of growing wheat located on what was commonly known as the J. M. Franklin farm, and situated in the north one-half of the northwest quarter of section 11, township 10, range 13, and the northeast quarter of the northeast quarter of section 10, township 10, range 13, Rossville township, Shawnee county, Kansas; said interest amounting on July 9, 1925, to 773 bushels. And that the interest of the said Steven Martinek in all of said wheat amounted to one thousand and ninety-six bushels on July 9, 1925."

On July 9, 1925, the defendant, as sheriff, levied the execution on the 1,096 bushels of the wheat that had been grown on the land described. That 1,096 bushels represented the part of the wheat that belonged to Steven Martinek and was claimed by the plaintiff under the chattel mortgage.

The plaintiff says:

"It being admitted that said chattel mortgage was given for a valuable consideration; that the same was legally recorded in the office of the register of deeds of Shawnee county, Kansas; that the said mortgage was wholly unsatisfied, and the mortgagee in due time declared said mortgage as due and demanded possession of the wheat described in the same, all of which was in the possession of the sheriff under an execution dated subsequent to the recording of said mortgage; that the only question for the court to decide in this action is the question of the validity of plaintiff's mortgage set out in his petition."

The defendant argues that the mortgage is void—

"(a) Because the description is uncertain in that it purports to convey thirty-five acres of growing wheat, whereas in fact the fields of wheat aggregated from seventy to eighty acres each, and no particular thirty-five acres was designated.

"(b) The mortgage wholly fails to describe the property sought to be conveyed in that it purports to mortgage the full interest in thirty-five acres of wheat, whereas the mortgagor's interest was an undivided one-half interest in seventy to eighty acres of wheat in each tract."

The mortgage did not correctly describe the interest in the wheat owned by the plaintiff. The mortgage described seventy acres of growing wheat. The plaintiff had an interest in about 150 acres of

growing wheat. The description of the wheat should have been such as would enable anyone interested to find it or to have enabled anyone with that description to find the wheat on proper inquiry. The mortgage directed anyone interested to wheat growing on two separate tracts of land. Anyone interested could have gone to the land and found the wheat growing thereon, but would have found instead of the number of acres described almost double that number of acres. There was nothing in the mortgage to suggest what part of the wheat on the land was covered by the mortgage. The description of the wheat was so indefinite and uncertain that it could not be identified. (*Golden v. Cockril*, 1 Kan. 259; *Souders v. Voorhees*, 36 Kan. 138, 12 Pac. 526; *Clark v. Voorhees*, 36 Kan. 144, 12 Pac. 529; 11 C. J. 470.) The mortgage was not binding on the execution creditor nor on the sheriff with the execution in his hands. The wheat was subject to levy and sale under that execution.

The judgment is affirmed.