ARRO REFINING CO., Respondent, *v.* MONTANA & DAKOTA GRAIN CO., Appellant.

(No. 6,606.)

(Submitted March 7, 1930. Decided April 11, 1930.)

[286 Pac. 1115.]

*Mr. Ralph J. Anderson,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Belden & DeKalb* and *Mr. Raymond E. Dockery,* for Respondent, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff, as the mortgagee of a chattel mortgage on a wheat crop, brought this action to recover damages for conversion of the wheat by defendant. The cause was tried to the court without a jury, resulting in judgment for the plaintiff. Defendant has appealed from the judgment.

Under appropriate pleadings, evidence was introduced showing the following facts: On May 4, 1927, M. O. Ratliff executed and delivered to plaintiff a promissory note in the sum of $100, due October 1. At the same time, to secure the payment of the note, he gave a chattel mortgage, verified and acknowledged as required by law and which was filed in the office of the county clerk of Fergus county on the same day. The mortgage, in addition to securing payment of the note, was given "also as security for such further payment and additional sums of money as may, from time to time, hereafter, during the life of this instrument, be advanced and loaned by said mortgagee to said mortgagor, together with interest thereon * * * but for no greater amount, however, than $250." The property covered by the mortgage was described as follows: "Undivided interest in 50 acres spring wheat on the Al Sullinger ranch 8 miles west of Grass Range, Montana, to be harvested in 1927." At the time the mortgage was executed, M. O. Ratliff owed plaintiff the sum specified in the note, and thereafter, and during the life of the mortgage, plaintiff made further advances to him in the form of merchandise to the extent of $250, none of which has been paid; M. O. Ratliff raised 100 acres of spring wheat on the Sullinger ranch in 1927. At the time the mortgage was executed, Ratliff advised plaintiff's agent that he had 100 acres of spring wheat on the Sullinger ranch and that he would give a mortgage on 50 acres if the credit would be extended. Clancy, defendant's agent in charge of its elevator at Grass Range,

admitted that he knew of the existence of plaintiff's mortgage when the wheat was delivered in the elevator. The evidence shows that 1,283 bushels of spring wheat were grown on the Sullinger place in 1927, and that there were delivered to defendant between 800 and 900 bushels. There was evidence by plaintiff that M. O. Ratliff stated to a witness that he had sold all the wheat on the Sullinger place to defendant and received the money for it. In the view we take of the case other evidence in the record need not be alluded to.

Defendant, by objecting to the introduction of plaintiff's mortgage in evidence and by motion for nonsuit, challenged its validity upon the ground that the description of the property claimed to be covered by the mortgage, was so indefinite and uncertain as to render it void. Error is assigned in denying the motion for nonsuit on that ground.

As before stated, the record discloses that 1,283 bushels of spring wheat were raised on the Sullinger ranch in 1927. Only between 800 and 900 bushels were delivered to defendant. The record does not disclose what interest M. O. Ratliff had in the wheat that was delivered to defendant or whether he had any interest therein, except his statement to one of plaintiff's witnesses that he received the money for the wheat. What was done with the balance of the wheat, amounting to about 400 bushels, the record does not disclose. Whether the 800 bushels delivered to the defendant were grown on the 50 acres covered by the mortgage, or on the 50 acres not embraced in the mortgage, does not appear. In fact, there is nothing to indicate, either from the mortgage itself or from the oral evidence, which 50 of the 100 acres was covered by the mortgage.

We think the mortgage is void for uncertainty in the description of the property attempted to be covered by it. We recognize the rule that the description of personal property in a mortgage is sufficient as between the parties to it and, as to trespassers, if the mortgagee can say with reasonable certainty what property is subject to his lien. (*Moore* v. *Crittenden*, 62 Mont. 309, 204 Pac. 1035.) But

here even the mortgagee could not determine which particular 50 acres of the crop out of the 100 acres was subject to the lien of its mortgage. Examination of the authorities in like cases demonstrates the correctness of the conclusion we have reached.

In *Krone* v. *Phelps*, 43 Ark. 350, a mortgage covering "all of a crop of ten acres of cotton to be grown" in a field containing 40 acres in cotton was held void for uncertainty as to strangers to the mortgage.

A mortgage on "35 acres of growing wheat on the J. M. Franklin farm, 35 acres on S. E. ¼, sec. 1, Rossville Township," was held void as against an execution creditor and not binding as to him or the sheriff levying the execution, when it appeared that the mortgagor was the owner of an undivided one-half interest in about 65 acres and the full owner of about 10 acres on the S. E. ¼ of section 1, Rossville township, and the owner of an undivided one-half interest in about 70 or 80 acres on the Franklin farm. (*Martinek* v. *Carlson*, 125 Kan. 434, 264 Pac. 735, 736.) The court in that case said: "The mortgage did not correctly describe the interest in the wheat owned by the plaintiff. The mortgage described 70 acres of growing wheat. The plaintiff had an interest in about 150 acres of growing wheat. The description of the wheat should have been such as would enable any one interested to find it or to have enabled any one with that description to find the wheat on proper inquiry. The mortgage directed any one interested to wheat growing on two separate tracts of land. Any one interested could have gone to the land and found the wheat growing thereon, but would have found, instead of the number of acres described, almost double that number of acres. There was nothing in the mortgage to suggest what part of the wheat on the land was covered by the mortgage. The description of the wheat was so indefinite and uncertain that it could not be identified." To the same effect, under facts very similar, are *Souders* v. *Voorhees*, 36 Kan. 138, 12 Pac. 526; *Clark* v. *Voorhees*, 36 Kan. 144, 12 Pac. 529.

The Kansas City court of appeals had this question before it in *Klebba* v. *Missouri Meerschaum Co.*, (Mo. App.) 257 S. W. 174. There the mortgage, after covering certain articles of personal property, contained this clause: "Also about 75 acres of corn to be planted in the spring of 1921 on said Salmon farm." The evidence in that case disclosed that there were planted 100 acres of corn on the farm described. In holding the mortgage void for uncertainty, even as between the parties to it, the court said: "There was no way for the mortgage to attach to any part of the corn, for there is no way of telling which 75 acres of the 100 acres planted the mortgage was intending to cover. (See *Lafayette County Bank* v. *Metcalf*, 29 Mo. App. 385; *Estes* v. *Springer*, 47 Mo. App. 99, 104; *Stonebraker* v. *Ford*, 81 Mo. 532.) The record is devoid of any testimony tending to show to which 75 acres of corn it was intended that the mortgage should attach, and it is apparent, regardless of the assignment, that it never became a lien upon any part of the crop even as between the parties themselves."

In *Norman* v. *S. L. Joseph Mercantile Co.*, 153 Ark. 127, 239 S. W. 728, the mortgage involved described the property as "6 acres of cotton grown on the John Moore lease." It appeared from the evidence that the mortgagor had an undivided one-half interest in the cotton grown on 12 acres of land in the John Moore lease. Defendants purchased from the mortgagor the cotton grown on the John Moore lease after being told that plaintiff had a mortgage on it. The court, in holding the mortgage void, said: "The mortgage was void because of uncertainty in the description. It furnishes no data by which it can be ascertained what particular 6 acres of cotton, grown on the John Moore lease of 12 acres, was intended." The court further held that as between the parties to the action, defendants "only had to take notice of the description in the mortgage that was on file in the office of the circuit clerk of Greene county."

A mortgage on 340 acres of corn out of a crop of 425 acres was held void for uncertainty of description, in *Wattles v. Cobb,* 60 Neb. 403, 83 Am. St. Rep. 537, 83 N. W. 195.

In *Walter A. Wood Mowing etc. Co.* v. *Minneapolis etc. Elevator Co.,* 48 Minn. 404, 51 N. W. 378, 379, a chattel mortgage embraced 40 acres of wheat to be grown on a described quarter-section. The evidence disclosed that 75 acres of wheat were sown on that quarter-section. The supreme court of Minnesota held that the instrument never took effect as a mortgage because of the uncertain description of the property. The court said: ''As already suggested, the mortgage could not take effect until the crop was sown, and as he sowed, not 40 acres or less, but 75 acres, and the mortgage was limited to 40 acres (but no particular 40 acres was designated or described), it is impossible to determine which part of the larger tract the mortgagee is entitled to. There is nothing in the mortgage to connect it with any particular 40 acres; so that it did not, in fact, take effect at all. Suppose, after it was harvested and in shock or stack, the whole product of the 75 acres had been levied on, what part of it could the mortgagee identify and demand as his? Clearly he was not entitled to claim a lien on the whole till he could select the product of 40 acres. Under these circumstances, the mortgagee cannot invoke the aid of the court to enforce his mortgage. It was the mortgagee's own folly to take a mortgage so loosely .drawn.''

Other cases illustrating the same principle are the following: *Massachusetts Sheep Co.* v. *Humble,* 36 Mont. 201, 92 Pac. 527; *First State Bank of Leipzig* v. *Kellogg Commission Co.,* 41 N. D. 269, 170 N. W. 635; *Hagen* v. *Dwyer,* 36 N. D. 346, 162 N. W. 699; *Commercial State Bank* v. *Interstate Elevator Co.,* 14 S. D. 276, 86 Am. St. Rep. 760, 85 N. W. 219; *Wichita Mill & Elevator Co.* v. *Farmers' State Bank of Tipton,* 102 Okl. 83, 226 Pac. 870, 871.

The mortgage of plaintiff being void for uncertainty in the description of the property, defendant's actual knowledge of its existence was immaterial. Actual knowledge of

the existence of the mortgage would impart only such notice as the mortgage itself gave, and such other information as might have been obtained upon pursuing the inquiry which the mortgage itself suggested. (*Norman* v. *Mercantile Co.*, supra.) The most careful inquiry that might have been made would not and could not have revealed the particular 50 acres of wheat covered by the mortgage in question.

The court erred in denying the motion for nonsuit. Other questions presented require no consideration.

The judgment is reversed and the cause remanded, with direction to enter judgment for defendant.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.