## NORTHWESTERN NAT. BANK OF MINNEAPOLIS

v.

## A. M. CAMERON CO.

No. 14919.

United States Court of Appeals Eighth Circuit.

May 11, 1954.

Rodger L. Nordbye, Minneapolis, Minn. (Loring M. Staples and Faegre & Benson, Minneapolis, Minn., were with him on the brief), for appellant.

W. L. Sholes, Minneapolis, Minn., for appellee.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

PER CURIAM.

On petition for rehearing counsel for appellant directs our attention to what appellant concludes is a conflict between our opinion and the law of Minnesota. Since our opinion has been so construed by able counsel, it may again be so construed. A clarification is hence desirable.

As we understand the law of Minnesota, the definiteness of a description of property covered by a chattel mortgage or an assignment which will be adequate under the law of that state sufficiently to identify the property covered may and does vary to some extent with the facts of an individual case. If the description is sufficiently definite that, armed with it and aided by competent extraneous evidence, parol or otherwise, the property covered may with certainty be identified, the description is sufficient. But if it is so inherently vague and indefinite that this may not be done, extraneous evidence will not supply the deficiency.

Our opinion should not be construed as holding that under the law of Minnesota an assignment such as that involved in this case would in all cases be fatally defective. If the nature of Knitrite's business and the extent and character of its accounts, contracts and invoices were such that the identity of those covered by the assignment could with certainty be determined, the result in this case could be different. The case of Wood Mowing & Reaping Mach. v. Minneapolis & N. Elevator Co., 48 Minn. 404, 51 N.W. 378, will illustrate the point. In that case a chattel mortgage was given on 40 acres of wheat yet to be sown, described as being in a certain described 160 acres. The mortgagor sowed 75 acres on that 160. The mortgage was held invalid for indefiniteness. But if there had been only 40 acres of wheat sown on that 160, the result might well have been different.

The petition for rehearing is denied.