## NORTH BRITISH & MERCANTILE INS. CO. v. WRIGHT *et al.*

No. 6039.     Opinion Filed January 18, 1916.

(154 Pac. 654.)

1. **INSURANCE — Fire Insurance Policy — Provision Against Incumbrances—Prommissory "Warranty."** A fire insurance policy drawn under the regular Oklahoma standard form, being section 3482, Rev. Laws 1910, and section 3800, Comp. Laws 1909. which cantains a provision that "the entire policy, unless otherwise provided by agreement indorsed hereon or added hereto shall be void * * * if the subject of insurance be personal property and be or become incumbered by a chattel mortgage." is a promissory war-

ranty on the part of the assured that the property covered by the policy is, and will be kept, free from incumbrance, and if the terms of said provisions are violated the policy becomes null and void, and no recovery can be had on said policy for the loss or damage of said property by fire, unless the insurer had notice of such incumbrance, and in some manner waived the same.

2. **SAME—Waiver—Knowledge—Filing of Chattel Mortgage—Effect as Notice.** Section 4032, Rev. Laws 1910 provides: "The filing of a mortgage of personal property in conformity to the provisions of this article, operates as notice thereof to all subsequent purchasers and incumbrancers of so much of said property as is at the time * * * located in the county or counties wherein such mortgage or authenticated copy thereof is filed." **Held,** that the classes of persons to whom constructive notice is given by the filing of a chattel mortgage in the office of the register of deeds are subsequent purchasers and incumbrancers of the property covered by the mortgage, and creditors of the owners thereof, but such filing in no wise affects an insurance policy upon personal property covered by a chattel mortgage when insured; the registry laws were not intended for such purposes.

3. **SAME—Provision Against Incumbrances—Waiver.** If an insurance company is to be held to have waived matters vitiating a policy, it, or its agents, must have actual notice, or notice of such facts as would put a reasonably prudent person upon inquiry; the public record of incumbrances and instruments affecting an insured's title, alone, will not charge an insurer with notice of such matters.

(Syllabus by Robberts, C.)

*Error from District Court, Adair County;*
*John H. Pitchford, Judge.*

Action by J. A. Wright and others, co-partners, as Wright & Brigance, against the North British & Mercantile Insurance Company, a corporation. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

*Scothorn, Caldwell & McRill,* for plaintiff in error.

*Helton & Winson,* for defendants in error.

Opinion by ROBBERTS, C. The parties herein will be designated plaintiffs and defendant, the same as they appear below. The action was brought by plaintiffs

against the defendant, in the district court of Adair county, to recover for loss by fire of certain personal property covered by the insurance policy involved. The policy is the regular Oklahoma standard form and contains a provision that:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the subject of insurance be personal property, and be, or become incumbered by a chattel mortgage. * * * This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be endorsed hereon or added hereto, and no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto, and as to such provisions or conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

The defendant answers by alleging, and proving, that at the time the policy was issued there were two chattel mortgages against the property, one for $230 and the other for $206, and that said defendant at the time of issuing said policy had no knowledge or notice of said mortgages. To this answer the plaintiffs reply that they purchased the property involved from one R. H. Gamber, and at the time of said purchase they inquired of Gamber whether there were any chattel mortgages or other liens against said property, and were advised by him that there were none, and that they had no knowledge or notice of

said mortgages until after the property had been destroyed by fire, except such notice as might be imparted by reason of the filing of said mortgages in the office of the register of deeds of the county, and that the defendant had the same notice by reason of such filing as was imparted to the plaintiffs. The defendant tenders into court, for the use of the plaintiffs, the sum of $33.37, being the amount of premium collected upon the policy. There is no evidence of any agreement, notice, or waiver by the local agent. The case was tried without a jury, and the court found the facts practically as alleged in the pleadings and herein set out, and rendered judgment in favor of the plaintiffs for the sum of $476.25. The appeal was lodged in this court on the 14th day of February, 1914, and briefs of plaintiff in error duly served and filed on the 12th day of August, 1914. Summons in error was waived by counsel for defendants in error, and notice of submission and oral argument served in due time. Up to this time, January 6, 1916, the defendants in error have failed to file briefs, or make any excuse or showing why they have not done so. The plaintiff in error stands upon the proposition that the policy is void, because of the existence of the mortgages on the property insured, at the time the policy was issued, even though the assured had no notice or knowledge of such mortgages.

It is well settled, not only by the decisions of this state, but of many other states, that the agreement of the assured that the property covered by the policy is not mortgaged, or otherwise incumbered, or that said property shall not be mortgaged or incumbered during the existence of the policy, comes within that class of contracts known as promissory warranties, and that the effect of the breach of the warranty is to annul the policy without

regard to the materiality of the subject of warranty, or whether the breach had anything to do in producing the loss; that such warranty is in the nature of a condition precedent, and there must be a full compliance with the conditions of the contract by the insured before he can demand performance on the part of the insurer.

In support of their contention, counsel for plaintiff in error cite the recent case of *St. Paul Fire & Marine Ins. Co. v. Peck,* 40 Okla. 396, 139 Pac. 117, wherein the court says:

"It is elementary, and the decisions uniformly hold, that, where a policy of insurance contains a provision 'that, if the title to the property be or become incumbered, the policy shall be void,' in that event, if at the time the policy is issued the property is incumbered and the insured conceals that fact, or if subsequent to the issuance of the policy the insured incumbers the property without the consent of the company, he cannot recover."

In the case of *Forbush et al. v. Insurance Co.,* 4 Gray (70 Mass.) 337, the Supreme Court of Massachusetts says:

"A warranty, in a policy of insurance, is an express stipulation that something then exists, or has happened, or been done, or shall happen or be done; and this must be literally and strictly complied with by the assured, whether the truth of the fact, or the happening of the event, be or be not material to the risk, * * * or not connected with the cause of loss. It is a strict condition. Its effect is that the assured takes on himself the responsibility of the truth of the fact, or the happening or not of such contingency; and, unless the warranty be strictly complied with, the policy does not take effect. It is a condition precedent, and the assured is estopped from denying or asserting anything contrary to his express warranty."

And in *Trench v. Insurance Co.*, 7 Hill (N. Y.) 122, the court says:

"A warranty in a policy of insurance is a condition or a contingency, and unless that be performed there is no contract. It is perfectly immaterial for what purpose a warranty is introduced; but, being inserted, the contract does not exist unless it be literally complied with. 'The very meaning of a warranty,' observed Ashurst, J., in the same case, 'is to preclude all questions whether it has been substantially complied with; it must be literally so.' In a case of warranty it is perfectly immaterial whether the misdescription is the result of fraud or mistake; it is a condition precedent, and no excuse can be received for the nonperformance of it."

The Supreme Court of Virginia, in *Virginia Fire & M. Ins. Co. v. Morgan*, 90 Va. 209, 18 S. E. 191, states the doctrine as follows:

"The stipulation is undoubtedly a warranty, made so by the express contract of the parties, and the jury ought to have been instructed that a literal compliance with it was essential to a recovery by the plaintiff. 'An express warranty,' says May, "is a stipulation inserted in writing on the face of the policy, on the literal truth or fulfillment of which the validity of the entire contract depends. By a warranty the insured stipulates for the absolute truth of the statement made and the strict compliance with some promised line of conduct upon penalty of forfeiture of his right to recover in case of loss should the statement prove untrue, or the course of conduct promised be unfulfilled. A warranty is an agreement in the nature of a condition precedent, and, like that, must be strictly complied with.' May, Ins., sec. 156. This is the language of the decided cases and of this court in *Insurance Co. v. West*, 76 Va. 575 [44 Am. Rep. 177]. And the author correctly adds that whether the fact stated or the act stipulated for be material to the risk or not is of no consequence, the contract being that the matter is as

represented, or shall be as promised, and unless it prove so, whether from fraud, mistake, negligence, or other cause, not proceeding from the insurer or the intervention of the law or the act of God, the insured can have no claim. 'One of the very objects of a warranty,' he continues, 'is to preclude all controversy about the materiality or immateriality of the statement. The only question is, has the warranty been kept? There is no room for construction; no latitude; no equity. If the warranty be a statement of facts, it must be literally true; if a stipulation that a certain act shall or shall not be done, it must be literally performed.' "

We do not want to be understood as approving the doctrine, as to the materiality or immateriality of the breached warranty, to the full extent stated in the last case, but quote it for the purpose only of showing that at least a material warranty, such as we have here, is a condition precedent, and must be strictly complied with to authorize a recovery.

In the case of *Deming Inv. Co. v. Shawnee Fire Ins. Co.*, 16 Okla. 1, 83 Pac. 918, 4 L. R. A. (N. S.) 607, the Supreme Court of the territory says:

"The parties had a right to make their own contract upon terms and conditions in this respect as they saw fit, and, if the plaintiff chose to make his representations warranties, the question of their materiality becomes unimportant; for under such stipulation the defendant was relieved from showing, and the plaintiff was estopped from denying, that they were material to the contract, and we are not permitted to say that the defendant did not deem them material to the risk, or that it would have made the contract upon other terms than it did. The secretary of the insurance company testified that the matter of incumbrance was material; and, had the company have had any knowledge of the incumbrance, it would not have issued the policy. And it may be that

from experience he may be satisfied that the matter of incumbrance upon property sought to be insured is material to the risk, and, while this materiality he may not be able to prove to the satisfaction of the court or jury, he has a right to refuse to insure property incumbered, and to insist that the statements of the applicant in his application as to such matters shall be a warranty by the insured to be true; and when, as in this case so made, it was an agreement on the part of the plaintiff not only to warrant the truth of such matters, but that they are material to the contract, and that, if false, the contract shall be void, therefore all the statements and representations contained in the application must be treated as warranties, and must be true to authorize a recovery upon the policy. *American Ins. Co. v. Gilbert, supra; Phoenix Life Ins. Co. v. Raddin,* 120 U. S. 183-189, 7 Sup. Ct. 500, 30 L. Ed. 644; *Northern Ins. Co. v. Grand View Building Assn., supra.*"

In a very recent case decided by this court, *Brown v. Conn. Fire Ins., Co.,* 52 Okla. 392, 153 Pac. 173, in the sixth paragraph of the syllabus, it is said:

"The forfeiture clause in an insurance policy, wherein it is stipulated and agreed that, if the property named therein, or any part thereof, shall thereafter be or become mortgaged or incumbered, 'this entire policy shall become null and void,' is a promissory warranty, and renders said policy an indivisible contract, and, if said property, or any specific part or parcel thereof, designated in said policy as insured, is thereafter mortgaged or otherwise incumbered, the entire policy is void; and no recovery can be had for the loss or damage of said property, or any part thereof, whether included in the mortgage or not; and 'held, further, that in an action to recover for the loss or damage of the property, under such circumstances, an allegation in the plaintiff's petition, 'that the making and existence of said mortgages on said land and barn in no way contributed to the loss herein complained of, and in no way incited, induced, or caused any person to set fire

to said barn, or to set out fire that did get to said barn, but that said fire was incendiary, and not by any person in any way interested in said land, or in said barn, or the property therein,' does not state facts sufficient to relieve the plaintiff from his acts in violating the terms of said contract, nor to entitle him to recover thereon."

The theory of the trial court that the filing of the chattel mortgages with the register of deeds of the county imparted constructive notice of the mortgages to defendant cannot be sustained.

The section relied upon (4032, Rev. Laws 1910) is as follows:

"The filing of a mortgage of personal property, in conformity to the provisions of this article, operates as notice thereof to all subsequent purchasers and incumbrancers of so much of said property as is at the time mentioned in the preceding section located in the county or counties wherein such mortgage or authenticated copy thereof is filed."

It is plain to be seen that the notice imparted therein does not include insurance companies.

In the case of *Mutual Fire Ins. Co. v. Diehl*, 18 Md. 27, 79 Am. Dec. 673, it is said:

"An insurance company is not chargeable with notice at the time of insurance of the state of the title to the premises insured, as disclosed by the land records, so as to prevent its relying, in order to defeat the action on the policy, on any objection to the title of the assured which might have been ascertained by inspection of such records."

In the case of *Aetna Ins. Co. v. Holcomb*, 89 Tex. 404, 34 S. W. 915, the second paragraph of the syllabus reads as follows:

"The classes of persons to whom notice was to be given by the record of a mortgage were creditors of the mortgagor, subsequent purchasers and mortgagees, or lienholders in good faith. Such record does not affect an insurance policy upon personal property, under a chattel mortgage when insured."

It will be observed that the Oklahoma statute is very similar to the Texas statute. The filing of a chattel mortgage operates as notice thereof to all subsequent purchasers and incumbrancers.

In another Texas case (*U. S. Ins. Co. v. Moriarty* [Civ. App.] 36 S. W. 943) it is said:

"The fact that a mortgage executed on insured property is recorded does not constitute notice thereof to the insurer. To bind the company, it must have actual notice, or notice of such facts as to put it on inquiry."

In a later case the same court, in *Hartford Fire Ins. Co. v. Wright* (Tex. Civ. App.) 125 S. W. 363, said:

"Proof of actual knowledge on the part of defendant insurance company's agent of the existence when the policy was issued of mortgage liens on plaintiff's property was essential to show a waiver of a stipulation against incumbrances."

The Supreme Court of Indiana, in the case of *Insurance Company v. Overman*, 21 Ind. App. 516, 52 N. E. 771, said:

"A mortgage of record before the issuing of a policy providing against incumbrance is not notice thereof to the insurer."

In the case of *Shaffer v. Insurance Co.*, 17 Ind. App. 204, 46 N. E. 557, the court say:

"Insurance companies that issue policies of insurance with express conditions that the policy shall be void if at

the time the. property is or shall become incumbered by mortgage, etc., are not required to examine public records to see whether or not the insured is violating a stipulation in the policy, under and by which he must be bound."

At page 807, 19 Cyc., it is said:

"An insurer is not chargeable with constructive notice of the existence of an incumbrance or transfer, although it be duly recorded, for the registry laws are not intended for such purposes."

In Cooley's Brief on Fire Insurance, at page 2547, the same rule is laid down in the following language:

"If an insurance company is to be held to have waived matters vitiating a policy, it or its agents must have actual notice or knowledge of such matters. Constructive notice is not sufficient. Therefore the public record of incumbrances and instruments affecting an insured's title will not charge an insurer with notice of such matters, though the record is constructive notice to all the world of its contents."

The rule laid down in the third and fourth headnotes in *Brown v. Conn. Fire Ins. Co., supra,* is applicable here, and they read as follows:

"A contract in writing, if its terms are free from doubt or ambiguity, must be permitted to speak for itself, and cannot by the courts, at the instance of one of the parties, be altered or contradicted by parol evidence, unless in case of fraud or mutual mistake of facts, and this principle is applicable to contracts of insurance.

"In an action on an insurance policy, a pleading which sets up that the assured failed to keep and perform the conditions in the policy because of ignorance of such conditions, but which fails to allege fraud, misrepresentation, or concealment, is insufficient to relieve the plaintiff from the effect of a violation of the plain and unmistakable terms of the policy."

We have carefully gone over the record, and are of opinion that the briefs of plaintiff in error fully sustain the assignments, and, under the rules of this court, the judgment should be reversed, and the case remanded.

By the Court:   It is so ordered.