## AETNA INSURANCE CO. et al. v. WEWOKA REALTY & TRUST CO.

No. 13342—Opinion Filed June 3, 1924.

Rehearing Denied Nov. 25, 1924.

**1. Insurance—Time Limit for Action on Policy Statutory.**

The limitation prescribed by section 6767, Comp. Stat. 1921, and contained in a standard fire insurance policy, that no suit or action on the policy shall be sustainable "unless commenced within twelve months next after the fire," is a statutory and not a contractual limitation.

**2. Same—Insufficiency of Evidence to Remove Bar.**

Record examined, and held, the evidence not sufficient to remove the bar of the statute.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Seminole County; John L. Coffman, Judge.

Action by Wewoka Realty & Trust Company et al., against Aetna Insurance Company et al. From a verdict and judgment for the plaintiffs, the defendants appeal. Reversed, with directions.

Geo. B. Rittenhouse and F. A. Rittenhouse, for plaintiffs in error.

C. Guy Cutlip and Thos. J. Horsley, for defendants in error.

Opinion by RAY, C. A number of questions are presented in the briefs, but, as we view the law, it is only necessary to con-

sider one, that of the statute of limitation. The suit is to recover on a number of fire insurance policies of the Oklahoma standard form prescribed by section 6767, Comp. Stat. 1921. The fire occurred February 20, 1919, and suit was commenced June 1, 1920, more than 15 months after the fire occurred. The defendants pleaded the statute of limitation, and at the close of plaintiff's case demurred to plaintiff's evidence, the overruling of which is assigned as error. The following clause, prescribed by section 6767, was contained in each of the policies:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within twelve months next after the fire."

This limitation contained in the standard form policy prescribed by statute is a statutory and not a contractual limitation. Niagara Fire Insurance Company v. Nichols, 96 Okla. 96, 220 Pac. 920; George et al. v. Connecticut Fire Insurance Company, 84 Okla. 172, 200 Pac. 544, 691, 201 Pac. 510. But plaintiff in its petition, after alleging facts which showed that the suit was commenced more than 12 months after the fire, pleaded facts which it is contended removed the bar of the statute of limitation and adduced evidence as to the conduct of the companies and their adjusters and local agent which they claim estopped the companies to plead the limitation of the action. But we think the evidence insufficient. The contention is that the companies led plaintiff to believe that they would settle the loss without suit until the 12 months had expired and then notified plaintiff they were not liable. Plaintiff's claim is for damages to a boiler, used for heating a building, caused by the firemen throwing cold water on it while it was hot which caused certain sections to crack. The evidence showed that the injury was discovered a few days after the fire; that the local agent was present at the fire and at once reported the loss of the boiler room to his companies, and they sent him the proper papers to adjust the loss; that he was only authorized to adjust losses up to $100; that on discovery that the loss exceeded $100, he made no adjustment, but reported the fact to the companies, and that information was furnished plaintiff; that the local agent took a great interest in trying to get the loss adjusted; that in May plaintiff procured an estimate of the damages and cost of repair by a company engaged in that character of work; that Bates Adjustment Company, acting for a

number of the companies, told the local agent they would send an expert to examine the boiler and report, but did not do so; that in August the local agent told plaintiff that if they would take down the boiler and rebuild it and furnish an itemized statement of the cost that he would send it to the companies and it would be paid; that he wrote the companies what instructions he had given plaintiff and his letters were referred to the Bates Adjustment Company who wrote the agent he had exceeded his authority, and wrote plaintiff to the same effect, and also denied liability upon the ground that the injury to the boiler could not have been caused in the way claimed. This letter was received by plaintiff in September. Plaintiff began work repairing the boiler in December and got it completed January 23, about 11 months after the fire, at a cost of about $1,325. An itemized statement of the cost was furnished the local agent who forwarded it to the companies who referred it to the adjusters for their consideration. The adjusters never at any time acknowledged liability by their correspondence, but did notify plaintiff that if they would furnish proof of loss of the boiler room, it would be adjusted. The damage to that building was $175. No proof of loss was ever made either of the boiler or the boiler room. In addition to the evidence above stated the president of the plaintiff company testified that he had had conversations with different representatives of the companies at different times and from these conversations, and the assurances of the local agent, he had no doubt about settlement being made without suit. He was unable to give the names of any such representatives, the companies they represented, or the time of such conversations.

We have carefully examined the correspondence and the testimony of all of plaintiff's witnesses and find no evidence reasonably tending to show that any one authorized to bind any of the companies ever held out to plaintiff that they would settle the loss as to the boiler, or acknowledged liability. They were at all times ready to adjust the loss as to the boiler room, but plaintiff never furnished proof of the loss. Plaintiff appears to have relied on the local agent to secure the adjustment, although he, as a witness for plaintiff, testified that he had no authority to adjust losses above $100, and for that reason had returned to the companies the adjusted papers sent to him immediately after the fire. We are unable to find anything in the conduct of the companies or any of them, or any of their authorized representatives, which would operate to remove the bar of the statute of

limitation. We think the court erred in overruling the demurrer to plaintiff's evidence.

The judgment should be reversed, with directions to sustain the defendants' demurrer to plaintiff's evidence.

By the Court: It is so ordered.