### STRONG CITY GIN CO. v. HERRING & YOUNG.

No. 28072.   May 10, 1938.

Moore & Royse, for plaintiff in error.

F. R. Blosser, for defendant in error.

GIBSON, J.   The action here started as replevin, changed to conversion, and resulted in judgment for plaintiff partnership. It was claimed that defendant bought cotton and converted such cotton to its own use, notwithstanding the fact that plaintiff had of record a chattel mortgage covering the purchased cotton. The mortgage was undated, and that, together with the description therein, is urged as making the mortgage ineffective as notice. The description, it is asserted, is too indefinite, both as a matter of law and as applied to the facts.

In the mortgage various notes secured by said mortgage are described, and certain personal property is listed as a part of the mortgaged property. Then follows this description of the cotton:

"My seventy-five acres of cotton which is not mtged. to Bank but which stands for the lease money in the amount of $250.00. This cotton is to be raised on the Sage Woman lease near Square Top School that I have leased."

The mortgage purports to be executed "this 2nd day of February in the year of our Lord, Nineteen Hundred and _____." The mortgage was filed February 10, 1931. Notes referred to in the mortgage are described as executed at various dates: the first date given is January 1, 1930; the last February 2, 1931; each is described as due October 1, 1931.

It is apparent that the failure to date is not fatal. Evidently the mortgage was executed on or about February 2, 1931. It refers, however, to cotton "to be raised" without giving the year in which it is to be raised. It is urged that this is too indefinite. The general rule is stated in 11 C. J., p. 468, that when a growing crop or one to be planted is mortgaged, the description must designate with certainty the time or year of growth. It is true, how-

ever, that the description is sufficient if the time or year may be inferred from the terms of the mortgage. 11 C. J. 469. Here the due date of the notes is fixed at October 1, 1931. The inference, therefore, is plain that the crop mortgaged is the one to be grown before that date. This defect, therefore, is not vital.

The vital contention arises out of the following facts: The mortgage does not purport to cover all the cotton to be raised on that particular farm or lease, but "seventy-five acres which is not mortgaged to the bank." The evidence does not show that any cotton was mortgaged to the bank, and a mortgage introduced in evidence given by the same mortgagor shows no cotton mortgaged to the bank.

The mortgagor, although made a party, did not appear at the trial. A witness for the plaintiff testified that during the year 1931, the mortgagor had between 120 and 130 acres of cotton, and that the amount hauled to the gin could have been grown on 50 acres. The Sage Woman lease contained 160 acres, all but four of which were cultivated. A witness for the defendant testified that the lease consisted of 160 acres, of which about seven acres were in wheat, 10 acres in maize, and the rest in cotton—"about one hundred acres."

It is the general rule in this and other jurisdictions that a description in a chattel mortgage which is sufficient to put a third person upon inquiry which if pursued will enable him to ascertain the property intended to be included in said mortgage, is good. First National Bank of Bristow v. Rogers, 24 Okla. 357, 103 P. 582.

Defendant in error cites the case of Reeves & Co. v. Brown, 80 Kan. 292, 102 P. 840, upon the question of the sufficiency of the description in the mortgage. In that case the mortgage was of two-thirds of 90 acres of wheat. The testimony to show the amount actually grown as about 200 acres was deemed uncertain and unreliable, and was given by the party who had taken the wheat. In a later case, moreover, the same court condemned a description such as appears here. Martinek v. Carlson (Kan.) 264 P. 735. There the court said:

"The mortgage did not correctly describe the interest in the wheat owned by the plaintiff. The mortgage described 70 acres of growing wheat. The plaintiff had an interest in about 150 acres of growing wheat. The description of the wheat should have been such as would enable any one interested to find it or to have enabled any one with that description to find the wheat

on proper inquiry. The mortgage directed any one interested to wheat growing on two separate tracts of land. Any one interested could have gone to the land and found the wheat growing thereon, but would have found, instead of the number of acres described, almost double that number of acres. There was nothing in the mortgage to suggest what part of the wheat on the land was covered by the mortgage. The description of the wheat was so indefinite and uncertain that it could not be identified. Golden v. Cockril, 1 Kan. 259, 81 Am. Dec. 510; Souders v. Voorhees, 36 Kan. 138, 12 P. 526; Clark v. Voorhees, 36 Kan. 144, 12 P. 529; 11 C. J. 470."

A different question may arise when it is clear from the terms of the mortgage that all the crop on the farm is intended to be mortgaged regardless of the acreage named or where the difference between the amount of acreage named and the amount planted to the crop is so nearly the same as to amount to an approximation. But when that does not occur, it has frequently been held that such a mortgage is void for indefiniteness, and is no protection against subsequent mortgagees or purchasers, even if they have actual notice. This is so simply because it is in such case impossible to follow up the description and determine what acreage is mortgaged or to separate the mortgaged property from the clear. Furthermore, as here, the amount sold may not be more than that which could be realized from the acreage difference between the number mortgaged and the number planted.

A fair statement of these rules and a summary of cases announcing the rules appear in Arro Oil & Refining Co. v. Montana & Dakota Grain Co. (Mont.) 286 P. 1115. That was a case for conversion of wheat. An undivided interest in 50 acres of wheat on a certain ranch was mortgaged. One hundred acres were planted in wheat, and yielded nearly 1,300 bushels, of which between 800 and 900 bushels were delivered to the defendant, who was sued by the mortgagee. Upon appeal by the defendant, judgment against him was reversed and judgment ordered for defendant.

The court said:

"Whether the 800 bushels delivered to the defendant were grown on the 50 acres covered by the mortgage, or on the 50 acres not embraced in the mortgage, does not appear. In fact, there is nothing to indicate, either from the mortgage itself or from the oral evidence, which 50 of the 100 acres was covered by the mortgage.

"We think the mortgage is void for un-

certainty in the description of the property attempted to be covered by it. We recognize the rule that the description of personal property in a mortgage is sufficient as between the parties to it and, as to trespassers, if the mortgagee can say with reasonable certainty what property is subject to his lien. Moore v. Crittenden, 62 Mont. 309, 204 P. 1035. But here even the mortgagee could not determine which particular 50 acres of the crop out of the 100 acres was subject to the lien of its mortgage. Examination of the authorities in like cases demonstrates the correctness of the conclusion we have reached. * * *

"The Kansas City Court of Appeals had this question before it in Klebba v. Missouri Meerschaum Co. (Mo. App.) 257 S. W. 174. There the mortgage, after covering certain articles of personal property, contained this clause: 'Also about 75 acres of corn to be planted in the spring of 1921 on said Salmon farm.' The evidence in that case disclosed that there were planted 100 acres of corn on the farm described. In holding the mortgage void for uncertainty, even as between the parties to it, the court said: 'There was no way for the mortgage to attach to any part of the corn, for there is no way of telling which 75 acres of the 100 acres planted the mortgage was intending to cover. See Lafayette County Bank v. Metcalf, 29 Mo. App. 385; Estes v. Springer, 47 Mo. App. 99, 104; Stonebraker v. Ford, 81 Mo. 532. The record is devoid of any testimony tending to show to which 75 acres of corn it was intended that the mortgage should attach, and it is apparent, regardless of the assignment, that it never became a lien upon any part of the crop even as between the parties themselves.'

"In Norman v. Mercantile Co., 153 Ark. 127, 239 S. W. 728, the mortgage involved described the property as '6 acres of cotton grown on the John Moore lease.' It appeared from the evidence that the mortgagor had an undivided one-half interest in the cotton grown on 12 acres of land in the John Moore lease. Defendants purchased from the mortgagor the cotton grown on the John Moore lease after being told that plaintiff had a mortgage on it. The court, in holding the mortgage void, said: 'The mortgage was void because of uncertainty in the description. It furnishes no data by which it can be ascertained what particular 6 acres of cotton, grown on the John Moore lease of 12 acres, was intended.' The court further held that as between the parties to the action, defendants 'only had to take notice of the description in the mortgage that was on file in the office of the circuit clerk of Greene county.'

"A mortgage on 340 acres of corn out of a crop of 425 acres was held void for uncertainty of description, in Wattles v. Cobb, 60 Neb. 403, 83 N. W. 195, 83 Am. St. Rep. 537.

"In Wood Mowing, etc., Co. v. Minneapolis, etc., Co., 48 Minn. 404, 51 N. W. 378, 379, a chattel mortgage embraced 40 acres of wheat to be grown on a described quarter section. The evidence disclosed that 75 acres of wheat were sown on that quarter section. The Supreme Court of Minnesota held that the instrument never took effect as a mortgage because of the uncertain description of the property. The court said: 'As already suggested, the mortgage could not take effect until the crop was sown, and as he sowed, not 40 acres or less, but 75 acres, and the mortgage was limited to 40 acres (but no particular 40 acres was designated or described), it is impossible to determine which part of the larger tract the mortgagee is entitled to. There is nothing in the mortgage to connect it with any particular 40 acres; so that it did not, in fact, take effect at all. Suppose, after it was harvested and in shock or stack, the whole product of the 75 acres had been levied on, what part of it could the mortgagee identify and demand as his? Clearly he was not entitled to claim a lien on the whole till he could select the product of 40 acres. Under these circumstances, the mortgagee cannot invoke the aid of the court to enforce his mortgage. It was the mortgagee's own folly to take a mortgage so loosely drawn.'

"Other cases illustrating the same principle are the following: Massachusetts Sheep Co. v. Humble, 36 Mont. 201, 92 P. 527; First State Bank of New Leipzig v. Kellogg Commission Co., 41 N. D. 269, 170 N. W. 635; Hagen v. Dwyer, 36 N. D. 346, 162 N. W. 699; Commercial State Bank v. Interstate Elevator Co., 14 S. D. 276, 85 N. W. 219, 86 Am. St. Rep. 760; Wichita Mill & Elevator Co. v. Farmers' State Bank of Tipton, 102 Okla. 83, 226 P. 870, 871.

"The mortgage of plaintiff being void for uncertainty in the description of the property, defendant's actual knowledge of its existence was immaterial. Actual knowledge of the existence of the mortgage would impart only such notice as the mortgage itself gave, and such other information as might have been obtained upon pursuing the inquiry which the mortgage itself suggested. Norman v. Mercantile Co., supra. The most careful inquiry that might have been made would not and could not have revealed the particular 50 acres of wheat covered by the mortgage in question."

For the reasons stated, the judgment is reversed, with directions to enter judgment for defendant.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.