GENERAL EXCHANGE INSURANCE CORP. v. BEVINGTON.

No. 31129. Oct. 26, 1943.

*142 P. 2d 611.*

Pierce, McClelland, Kneeland, & Bailey, of Oklahoma City, for plaintiff in error.

Long & Sutherland, of Seminole, for defendant in error.

HURST, J. On February 12, 1941, defendant, the General Exchange Insurance Corporation, issued a fire insurance policy covering the automobile of plaintiff, Robert J. Bevington, Jr. The policy contained the following clause:

"Lien or Encumbrance—Unless otherwise provided by agreement in writing added hereto, and except as to any lien, mortgage, or other encumbrance specifically set forth and described in the Schedule of Warranties on Page 1 of this policy, this Company shall not be liable for loss or damage to any property insured hereunder while subject to any lien, mortgage, or other encumbrance."

On February 22, 1941, plaintiff purchased four new tires from the Firestone Tire & Rubber Company, and at the same time, in order to secure the purchase price of $53.82, executed and delivered to the company, on its regular printed form, an instrument entitled "contract note." This instrument consisted of an ordinary promissory note, an agreement that title to the tires should remain in the company until the note was paid, and this further clause:

"As additional security for the payment of this note, and for the consideration mentioned above, the undersigned hereby sells, mortgages and conveys to the Dealer, the following described property, to-wit: _____
_____
_____
Make of car or Tractor    Chev.    Type, Coupe '37,    Motor No. _____ License No.    4-606    which property is owned by me and in my possession in _____County, State of Okla. and is free and clear of all incumbrances whatsoever, except as set forth below,

and the property set forth in this mortgage is truly described.

"This chattel mortgage is additional security, if it covers a tractor or automobile, shall not be deemed to include and cover the property for the purchase of which this note was executed, same being covered and included solely by the conditional sales contract hereinbefore set out."

The words "Chev.," "Coupe '37," and the license number, all of which described plaintiff's automobile, were placed in the appropriate spaces in the printed form at the time the contract note was executed. On May 30, 1941, at which time the balance owed under the contract note amounted to $17.60, the automobile was destroyed by fire, and the defendant having declined to pay the loss, plaintiff brought this suit to recover on the policy.

The company defended on the ground that at the time of loss the automobile was subject to a mortgage not described in the policy, in violation of the lien and encumbrance clause thereof, above set out.

At the trial the parties stipulated that the company had no notice of the contract note until after the destruction of the automobile by fire. The manager of the tire store who had taken the contract note, when asked on cross-examination whether he and plaintiff had intended the same to operate as anything other than a conditional sales contract covering the tires, answered "No, sir," but an objection to the question, made after the answer had been given, was sustained by the court. The trial court held as a matter of law that defendant was liable for the loss under the policy and instructed the jury that "the only question submitted to you is the value of the property insured at the time that it was so burned less any salvage value that may remain of said automobile." The jury returned a verdict for plaintiff in the sum of $361.91, and from a judgment entered thereon, defendant appeals.

It is settled that conditions in fire insurance policies prohibiting the encumbrance of the insured property without the consent of the insurer are valid and binding on the parties. North British & Mercantile Ins. Co. v. Wright, 54 Okla. 712, 154 P. 654; Brown v. Conn. Fire Ins. Co. of Hartford, Conn., 52 Okla. 392, 153 P. 173; St. Paul Fire & Marine Ins. Co. v. Peck, 37 Okla. 85, 130 P. 805. Plaintiff concedes this to be true, but urges that the provisions of the contract note did not constitute an encumbrance of his automobile because (1) the description thereof was too indefinite to create a lien, and (2) neither he nor the Firestone Tire & Rubber Company understood the provisions of the contract note to constitute a mortgage on the automobile or intended them to operate as such.

1. Plaintiff's argument that the description of the automobile was too indefinite is based on the fact that the automobile was not described by motor number, the space provided therefor in the contract note having been left blank. The automobile was, however, described as a 1937 Chevrolet coupe, license No. 4-606, belonging to plaintiff. A description in a chattel mortgage is sufficient where it will put a third person on inquiry, which, if pursued, will enable him to ascertain the property intended to be included therein. Strong City Gin Co. v. Herring & Young, 182 Okla. 628, 79 P. 2d 582. And as between the parties it is only necessary to so identify the chattels that the mortagee may, with reasonable certainty, say what is subject to his lien. Stiles v. City State Bank, 56 Okla. 572, 156 P. 622. Tested by these rules, the description of the automobile was sufficiently definite.

2. For the purpose of passing on plaintiff's second contention, we will assume, without deciding, that the parol evidence rule may not be invoked by a stranger to a contract (In re Assessment of Alleged Omitted Property, 177 Okla. 74, 58 P. 2d 134; 20 Am. Jur. 985; 22 C. J. 1293; 32 C. J. S. 791), and that plaintiff, as against defendant, was entitled to show that the contract note, despite its terms, was not intended as a mort-

gage by either of the parties thereto. Plaintiff urges that this was shown by the testimony of the manager of the tire store (even though an objection to such testimony, made after the answer 'had been given, was sustained) and by the fact that the spaces provided in the contract note for the motor number of the automobile and the county where it was located were left blank.

But these circumstances, at most, amounted to no more than some evidence to sustain plaintiff's contention, and did not justify the trial court in holding as a matter of law that defendant was liable for the loss under the policy. The question of whether the provisions of the contract note expressed the true intention of the parties, and consequently of whether the automobile was encumbered at the time of its destruction by fire, was one of fact. Waldrep v. Exchange State Bank of Keifer, 81 Okla. 162, 197 P. 509, 14 A. L. R. 747. And the fact that the parties had inserted the make, type, and license number of plaintiff's automobile in the spaces provided therefor in the mortgage clause of the contract note, and the fact that the contract note contained the clause last above quoted, was rather strong evidence that the parties did intend the same to constitute a lien on the automobile. Under such conflicting evidence, the court should have submitted the issue to the jury. Kyser v. Norris-Williams & Co., 171 Okla. 6, 41 P. 2d 644.

Reversed, with instructions to grant defendant a new trial.

CORN, C.J., GIBSON, V.C.J., and BAYLESS, DAVISON, and ARNOLD, JJ., concur. RILEY, OSBORN, and WELCH, JJ., absent.