MERCHANTS & MANUFACTURERS INS. CO. of N. Y. v. BURNS.

No. 34221.   July 10, 1951.

*234 P. 2d 409.*

Rittenhouse, Webster, Hanson & Rittenhouse, Oklahoma City, for plaintiff in error.

Brown & Verity, Oklahoma City, for defendant in error.

O'NEAL, J. This is an appeal from judgment of the district court of Oklahoma county in an action to recover loss on an insurance policy designated as "Jewelry-Fur Floater Policy (World wide)."

The action was commenced October 4, 1948, by Forrest Burns, herein referred to as plaintiff, against Merchants & Manufacturers Insurance Company of New York, a corporation, herein referred to as defendant.

Plaintiff in his petition alleges that he is a resident of Oklahoma county, and that on or about November 13, 1946, he purchased from defendant policy No. I.M.J. 3403039, through Ellis-Nicholson & Cramer, local agents of said defendant, covering the jewelry scheduled as hereinafter set forth.

A copy of the policy was attached to the petition and it provides that in consideration of the stipulations set out therein, and $54.52 premium, defendant insures assured from November 12, 1946, noon, to November 12, 1949, noon, for the sum of $1,166.50 against all risks of loss or damage (except certain risks not here involved). The schedule of the items insured was:

1 Diamond ring, approximate
  cut diamond, 1 ct. set
  in 14 K. Gold mounting,  $1000.00

1 Pocket watch—19 jewel
  Hamilton, 14 KWG,     150.00

1 Fountain pen, Eberhard
  Faber, Gold,       16.50
                    $1166.50

The petition further alleges that on or about December 26, 1946, while said policy was in full force and effect, and while plaintiff was at or in a room in the Duncan Hotel in Pawhuska, plaintiff left the diamond ring and fountain pen on the dresser in the hotel room and same disappeared from said dresser, and plaintiff has not been able to locate either the ring or the fountain pen, and since said time he does not know where same are located or can be found.

That plaintiff notified defendant through its agents, Ellis-Nicholson & Cramer, of the loss, and has demanded reimbursement under the policy and defendant has refused and still refuses to pay anything.

The policy contains, among other things, the following provision:

"It is a condition of this policy that no suit, action or proceeding for the recovery of any claim under this Policy shall be maintainable in any court unless the same be commenced within twelve (12) months next after the calendar date of the happening of the physical loss or damage out of which the said claim arose. Provided, however, that if by the laws of the State within which this Policy is issued such limitation is invalid, then any such claim shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted, by the laws of such state, to be fixed herein."

Defendant filed his demurrer to said petition on the grounds:

1. "That said petition wholly fails to state facts sufficient to constitute a cause of action in favor of the plaintiff and against this defendant," and

2. "That said petition shows upon its face that said loss is alleged to have occurred on the 26th day of December,

1946, and more than twelve months prior to the filing of the petition herein, and that the statutory limitation for suits on policies of insurance under the laws of the State of Oklahoma is one year and that said cause or claim is barred by the statute of limitation."

The demurrer was overruled and defendant filed its answer in which it set up as a defense:

(1) That defendant denies all and singular the allegations and statements contained in the petition, except such thereof as may be specifically admitted.

(2) Defendant admitted the execution of the policy, and that the copy thereof attached to the petition was a true copy, and further alleged that the policy contained the clause, or provision, above quoted, and that said provision is the standard statutory provision provided for in the Act of 1945, and that all insurance policies on risks insurable by fire insurance companies contain such standard limitation, and are required to contain such provision, and are subject to all the terms and conditions of the standard fire insurance policy. No reply was filed.

The issues were tried to the court without a jury, resulting in findings and judgment in favor of plaintiff in the sum of $1,016.50. The trial court made a special finding, or conclusion, as follows:

" . . . that the limitation clause in said policy is not a statutory limitation and that the claim of plaintiff is not barred by limitation . . . ."

After unsuccessful motion for new trial, defendant appeals.

Two propositions are presented and relied upon by defendant. The first is that the uncontradicted evidence and the record show that more than twelve months elapsed after the alleged loss and before the action was commenced and, therefore, the claim of plaintiff, if any he had, is barred by the so-called standard statutory limitation as contained in said policy, and as contained in Title 36, O. S. 1941 §244, as amended by the 1945 Act of the Legislature.

The second proposition is that the court erred in overruling the motion of defendant for a new trial for the reasons above stated. In substance, the two propositions present the same question.

Defendant contends that the plaintiff's claim or cause of action is barred by the limitation clause contained in said policy. In support of said contention, defendant cites Wever v. Pioneer Fire Insurance Co., 49 Okla. 546, 153 P. 1146; Niagara Fire Insurance Co. v. Nichols, 96 Okla. 96, 220 P. 920, and Aetna Insurance Co. v. Wewoka Realty & Trust Co., 104 Okla. 183, 230 P. 738.

In Wever v. Pioneer Fire Insurance Co., supra, it is held:

"The provision in the standard form of fire insurance policy, provided for in section 3481, and contained in section 3482, Rev. Laws 1910, that 'no suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing requirements, nor unless commenced within twelve months next after the fire,' is unambiguous, and, in an action on the policy commenced more than 12 months after the date of the fire, will be enforced in accordance with the plain meaning of its terms, where no extrinsic facts are alleged excusing delay in instituting the action."

In Niagara Fire Insurance Co. v. Nichols, supra, it is held:

"The limitation in a standard fire insurance policy providing, 'No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing requirements, nor unless commenced within 12 months after the loss occurred,' is not a contractual limitation within this state, as section 5070, Comp. Stat. 1921, expressly prohibits a party from contracting so as to limit

the time within which he may enforce his rights and it is only by reason of the statute authorizing a standard form of policy containing this limitation that such limitation is considered valid and enforceable, hence, this limitation is statutory and not contractual."

In Aetna Insurance Co. v. Wewoka Realty & Trust Co., supra, it is held:

"The limitation prescribed by section 6767, Comp. Stat. 1921, and contained in a standard fire insurance policy, that no suit or action on the policy shall be sustainable 'unless commenced within twelve months next after the fire,' is a statutory and not a contractual limitation."

It may be noted that in each of the three cases above cited the policy sued upon was a "fire insurance policy," on the statutory form prescribed by statute (36 O.S. 1941 §244).

The policy here involved is not a fire insurance policy. It falls far short of the standard, or statutory, form of fire insurance policy. It does contain the limitation clause provided in the standard, or statutory, form of fire insurance policies. There is no standard, or statutory, form of insurance policy for the kind of insurance here involved. Under the standard, or statutory, form of fire insurance policies, before and after the 1945 amendment, loss by theft is expressly excepted from the risks insured against. The statutory limitation contained in a fire insurance policy has no application to other classes of insurance.

In Connecticut Fire Insurance Co. v. Williams, 130 Okla. 15, 264 P. 881, it was held that where a fire insurance policy had attached thereto a loss payable clause, said clause constituted a separate contract between the insurance company and the mortgagee, and that:

"In an action by a mortgagee to recover on a loss payable clause attached to a fire insurance policy, the special one-year statute of limitation is not the applicable statute. Such action is governed by the general statute of limitation relating to actions on contract."

In the opinion it is held:

" . . . the attempt in the mortgage clause to incorporate the said statute of limitation of 12 months is in violation of section 5070, C.O.S. 1921, which provides:

" 'Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract, by the usual legal proceedings, in the ordinary tribunals or which limits the time within which he may thus enforce his rights, is void.' "

The policy in question, being entirely different from a "fire insurance policy," the attempt to limit the time within which a suit could be commenced thereon to twelve months from the date of the inception of the loss is in violation of C.O.S. 1921, §5070 (Title 15, O. S. 1941 §216).

Affirmed.