## MOTORS INSURANCE CORP. v. STOWERS.

No. 34367.   June 10, 1952.

Rehearing Denied July 23, 1952.

*246 P. 2d 341.*

McClelland, Kneeland, Bailey & McClelland, Oklahoma City, for plaintiff in error.

Wise & Ivester, Sayre, for defendant in error.

PER CURIAM. The insured, Jack Stowers, as plaintiff below, and designated in the same fashion here, although actually defendant in error, instituted suit in the district court of Beckham county, Oklahoma, against the defendant, insurer, Motors Insurance Company, referred to herein simply as defendant, although properly denominated plaintiff in error, on a certain automobile insurance policy. The General Motors Acceptance Corporation, referred to hereafter as intervener, intervened. The litigants waived a jury and consented to try the case to the court, the defendant at the threshold of the controversy requesting special findings of fact and conclusions of law.

At the conclusion of plaintiff's evidence the defendant demurred thereto on the ground that the evidence was wholly insufficient to entitle plaintiff to any recovery, which was by the court overruled and an exception was noted. When all parties had rested, the plaintiff moved for judgment in the sum of $5,275, and the defendant renewed its demurrer to the evidence, and likewise moved for judgment in its favor, which latter was overruled, and an exception to said ruling was similarly noted.

Both plaintiff and defendant submitted requests for specific findings of fact and conclusions of law, some of which posed by defendant were adopted, others of which were rejected, and all of plaintiff's were adopted.

For brevity's sake, and because of the conclusion reached on this appeal, and the relative simplicity of the adjudication of the sole issue propounded by this appeal, we do not deem it necessary to refer to them seriatim. Suffice it to say, the trial judge found that the issures had not been made up as to the intervener, and hence the cause was as to it continued, save as to it, it was decided that as to any amount later found due to intervener, it should be first paid out of any final judgment against the defendant, and having likewise been for a short time continued as to the remaining litigants, and on the 14th of March, 1949, plaintiff was granted a money judgment against the defendant in the sum of $3,877.50, with interest and costs.

Subsequently, as provided by law, defendant's motion for new trial having been overruled, an appeal from said decision adverse to defendant was perfected, and having been properly lodg-

ed here, defendant complains of error entitling it to a reversal.

Six assignments of error are argued under the following four propositions:

"1. The provisions of Title 36 O. S. Supp. 1949, Sec. 244.1 prescribing the form of the Standard Fire Insurance Policy do not apply to motor vehicle fire coverage. Language in the Standard Fire Insurance Policy shows that it is inapplicable.

"2. Conditions in an automobile fire insurance policy prohibiting the encumbrance of the insured property without the consent of the insurer are valid, legal and binding.

"3. The clause in the policy to the effect that the policy does not apply while the automobile is subject to a mortgage not declared or described in the policy is not rendered inoperative by reason of the fact that the balance on the declared encumbrance, plus the amount of the second mortgage, is less than the original amount of the declared encumbrance.

"4. The provision in an automobile insurance policy to the effect that the policy does not apply while the automobile is subject to a mortgage or other encumbrance not specifically declared and described in the policy is permitted by provisions in the form of Standard Fire Insurance Policy as set forth in Title 36, O.S. Supp. 1949, Sec. 244.1."

As pointed out in the brief of the insured, plaintiff, Stowers, the facts in the case are simple. Owning a truck, he purchased a policy of insurance from the defendant company. At the time the policy became effective the truck was encumbered by a mortgage in favor of intervener in the sum of $3,000. Subsquently to the procurement of said policy, and without the knowledge of the defendant, the plaintiff mortgaged his truck to E. J. Farlow Motor Company for the sum of $1,765.30.

Thereafter the truck was destroyed by fire at which time the intervener's mortgage had been paid down to approximately $1,000, and there was a balance due on the Farlow mortgage, as a result of both of which the outstanding indebtedness was somewhat less than the amount originally due on intervener's mortgage alone.

There is no dispute but that the policy of insurance in the case at bar covered the truck of the plaintiff, nor indeed that it was "subject to the limits of liability, exclusions, conditions, and other terms of this policy".

It is likewise indisputable that the "exclusions" provided in said policy were:

" Exclusions.

"This policy does not apply:

"* * *.

"(b) under any of the coverages, while the automobile is subject to any bailment, conditional sale, mortgage or to other encumbrance not specifically declared and described in this policy;"

That the Farlow mortgage was "***. not specifically declared and described in this policy", as well it could not be since it was not in existence at the time the policy was written, is beyond cavil.

After June 7, 1948, when, as the court found, the truck was almost entirely destroyed by fire, and to wit, on July 12, 1948, when the defendant learned that the truck or truck trailer had been mortgaged to Farlow, subsequently to the date of its insurance contract, it wrote the insured calling attention to the fact that the policy did not apply while the truck was subject to such mortgage and canceled the policy, remitting at the same time a refund on the pro rata premium, which latter was retained by the insured and introduced in evidence at the trial.

The insured thereupon filed his suit on the policy, and the insurer defended on the ground that the Farlow mortgage was not described in the policy, and that it was unaware of its existence until after the loss occurred, and

that hence such factual situation was within the purview of the applicable "Exclusions", supra.

The plaintiff, however, took the position that Title 36 O.S. Supp. 1949 §244.1 (Laws 1945, p. 127, §2) prescribing the form of the standard fire insurance policy, applied to the motor vehicle policy covering perils peculiar to ownership, maintenance and use of a motor vehicle, including loss or damage resulting from fire, and that if the provisions of such policy are applicable to a motor vehicle insurance policy, a clause in such latter policy, such as here, which provides in effect that the policy does not apply under any of the coverages while the truck was subject to an undeclared mortgage, is in conflict or inconsistent with the provisions of said standard fire policy.

Plaintiff relied on that provision of the Act providing for the standard fire insurance policy, which reads:

"No policy or contract of fire insurance shall be made, issued or delivered by any insurer or by any agent or representative thereof, on any property in this State, unless it shall conform as to all provisions, stipulations, agreements and conditions, with such form of policy."

The first question of law to be determined is whether the defendant is relieved of responding in a money judgment for loss of the truck by fire, because of its admitted unawareness of the Farlow mortgage contracted after the policy was written, because of the provision in the policy under consideration against additional encumbrances.

It appears to be well established that such a provision is not unreasonable or against public policy, and, as a consequence, the unanimous rule is that in the absence of a statutory provision to the contrary, a provision in an automobile insurance policy to the effect that there shall be no liability for loss of an automobile while encumbered by mortgage or other lien is valid and binding on the parties. 16 A.L.R., Annotations. 742, et seq.

Plaintiff admits that prior to the Act of 1945, establishing the new standard fire insurance policy, such a provision would preclude his recovery because, as he opines, the Standard Form of Fire policy existing prior to the act of 1945 provided:

"This entire policy * * * shall be void * * * if the subject of insurance be personal property and be or become encumbered by a chattel mortgage."

That such a condition in a fire insurance policy, which prohibits the encumbrance of the insured property without the consent of the insurer, was valid prior to the enactment of the 1945 law is not only foreclosed by the admission of the plaintiff, but likewise by many well considered decisions of this court, one of which being General Exchange Insurance Corporation v. Bevington, 193 Okla. 216, 142 P. 2d 611 (Cited in annotation 16 A.L.R. 2d 742).

A closer question, however, is whether such a provision in an automobile insurance policy, covering, among other casualties, fire, is controlling since the passage of the act creating a uniform fire insurance policy.

As far as our own research is concerned, and certainly as far as the briefs of counsel are concerned, we are forced to conclude that the exact question here posed is one of first impression in this state, and that being true, we are constrained to rely upon well reasoned authorities from other jurisdictions which are, to say the least, persuasive, if not controlling.

Counsel for defendant have, in their brief, cited cases from the States of Pennsylvania and Massachusetts, to wit: Benvenuto v. Central Manufacturers Mutual Insurance Co. (1922) 80 Pa. Sup. Ct. 213, and Paulauskas v. Firemen's Fund Ins. Co. (1925) 254 Mass. 1, 149 N. E. 668. Plaintiff has not furnished us with any authorities to the

contrary, and has failed to distinguish their applicability, and we accordingly have no alternative but to follow them.

In the second of these two cases, namely, Paulauskas v. Firemen's Fund Ins. Co., supra, the court there said:

"G. L. c. 175, Sec. 102 providing that an insurance company shall not avail itself of the omission by the insured to furnish sworn proof of loss, provided he furnishes a written statement of loss, is not applicable.

"That statute is limited to losses under a fire insurance policy in the standard form prescribed by G. L. c. 175, Sec. 99. The policy in the case at bar covers 'theft, robbery, or pilferage,' as well as loss by fire and lightning, and it does not purport to be in the standard form to which the statute applies."

While not directly in point except by analogy, our own research has produced a rather recent pronouncement from this court, viz., Merchants & Manufacturers Ins. Co. of New York v. Burns, 205 Okla. 31, 234 P. 2d 409.

In the last case cited, it was pointed out that in each of three cases cited by the insurance company to defeat liability, it may be noted that the policy sued on was a "fire insurance policy" on the form prescribed in 36 O.S. 1941 §244, but that the policy which was there under construction was not a fire insurance policy. Therein we said:

"* * * It does contain the limitation clause provided in the standard, or statutory, form of fire insurance policies. There is no standard, or statutory, form of insurance policy for the kind of insurance here involved. Under the standard, or statutory, form of fire insurance policies, before and after the 1945 amendment, loss by theft is expressly excepted from the risks insured against. The statutory limitation contained in a fire insurance policy has no application to other classes of insurance."

Finally, and in recognition, as it were, of the distinction sought to be made here by defendant, this court said:

"The policy in question being entirely different from a 'fire insurance policy,' the attempt to limit the time within which a suit could be commenced thereon to twelve months from the date of the inception of the loss is in violation of C. O. S. 1921 §5070, Title 15, Section 216, O.S. 1941."

In reaching our conclusion we have not been unmindful of the argument advanced by the plaintiff relating to the reason for a provision such as relied on here by the insurance company and its inapplicability, in view of the fact that even with the additional mortgage, the entire indebtedness at the time of the loss did not total the amount due on the mortgage with which the insurer was familiar at the time the policy was written, but in view of the result here reached, any expression of our views thereon would at best be but dicta.

The judgment of the trial court is accordingly reversed, with directions to enter judgment for the defendant Motors Insurance Corporation.

This Court acknowledges the services of Attorneys T. Austin Gavin, John E. Curran and Charles E. Fellows, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the Court.

HALLEY, V.C.J., and GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur. CORN, J., dissents.